

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MSA/MEB
F. #2016R00695

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 18, 2019

**By FedEx**

Michael Schachter, Esq.
Randall W. Jackson, Esq.
Casey Donnelly, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

    Re: United States v. Jean Boustani et al.
       Criminal Docket No. 18-681 (ENV)

Dear Counsel:

  Enclosed please find a production in furtherance of the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A.  Statements of the Defendant

    The defendant made no post-arrest statements.

  B.  The Defendant's Criminal History

    The government is unaware of any criminal history for the defendant.

  C.  Documents and Tangible Objects

  Subject to the terms of the protective order concerning personal identifying information, the government provides the documents enclosed herewith. A chart summarizing the source of the various materials is attached to this letter as Exhibit A.

Defense Counsel
January 18, 2019
Page 2

So that the record is clear, the government notes that it provided the defendant with the following documents on January 4, 2019, which documents are included again in the attached production:

| Production Bates | Original Presentation Bates |
|---|---|
| DOJ0001420071 | DOJ-GSW-0000006896 |
| DOJ0001420074 | DOJ-GSW-0000009859 |
| DOJ0001420078 | DOJ-GSW-0000154855 |
| DOJ0001420080 | DOJ-GSW-0000154857 |
| DOJ0001420082 | DOJ-GSW-0000154902 |
| DOJ0001420084 | DOJ-GSW-0000161347 |
| DOJ0001420086 | DOJ-GSW-0000167797 |
| DOJ0001420089 | DOJ-GSW-0000217846 |
| DOJ0001420091 | DOJ-GSW-0000219593 |
| DOJ0001420092 | DOJ-GSW-0000219594 |
| DOJ0001420096 | DOJ-GSW-0000219598 |
| DOJ0001420097 | DOJ-GSW-0000230969 |

D.   Reports of Examinations and Tests

The government currently possesses no examinations or tests related to this matter. The government will promptly produce any examination or test it obtains after the date of this letter.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

F.   Brady Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. The government is currently unaware of any such material.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

Defense Counsel
January 18, 2019
Page 3

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that each defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if any defendant intends to offer an alibi defense.  The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi.  The offenses took place at the location and dates specified in the Indictment.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of any defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of

Defense Counsel
January 18, 2019
Page 4

the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Very truly yours,

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York

By:        /s/
        Matthew S. Amatruda
        Mark E. Bini
        Assistant U.S. Attorneys
        (718) 254-7012/8761

Defense Counsel
January 18, 2019
Page 5

## Exhibit A

| Discovery 1 Index | | |
|---|---|---|
| **First Bates #** | **End Bates #** | **Produced By** |
| DOJ0000000001 | DOJ0000000055 | ▮ |
| DOJ0000000056 | DOJ0000000057 | ▮ |
| DOJ0000000058 | DOJ0000031118 | ▮ |
| DOJ0000031119 | DOJ0000390791 | ▮ |
| DOJ0000390792 | DOJ0000390827 | ▮ |
| DOJ0000390828 | DOJ0000390881 | ▮ |
| DOJ0000390882 | DOJ0000390882 | ▮ |
| DOJ0000390883 | DOJ0000390886 | ▮ |
| DOJ0000390887 | DOJ0000390888 | ▮ |
| DOJ0000390889 | DOJ0000390895 | ▮ |
| DOJ0000390896 | DOJ0000391829 | ▮ |
| DOJ0000391830 | DOJ0000393222 | ▮ |
| DOJ0000393223 | DOJ0000396487 | ▮ |
| DOJ0000396488 | DOJ0000396506 | ▮ |
| DOJ0000396507 | DOJ0000396660 | ▮ |
| DOJ0000396661 | DOJ0000398310 | ▮ |
| DOJ0000398311 | DOJ0000426777 | ▮ |
| DOJ0000426778 | DOJ0000427503 | ▮ |
| DOJ0000427504 | DOJ0000428909 | ▮ |

Defense Counsel
January 18, 2019
Page 6

| | | |
|---|---|---|
| DOJ0000428910 | DOJ0000428912 | ██████ |
| DOJ0000428913 | DOJ0000430476 | ██ |
| DOJ0000430477 | DOJ0000430477 | ████████ |
| DOJ0000430478 | DOJ0000568150 | ████ |
| DOJ0000568151 | DOJ0000676159 | █ |
| DOJ0000676160 | DOJ0000679280 | ██████ |
| DOJ0000679281 | DOJ0000682420 | ████ |
| DOJ0000682421 | DOJ0000682428 | ████████ |
| DOJ0000682429 | DOJ0001408704 | █ |
| DOJ0001408705 | DOJ0001412355 | ██ |
| DOJ0001412356 | DOJ0001412356 | █████ |
| DOJ0001412357 | DOJ0001420070 | ███ |