

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:MEB/HDM
F. #2016R00695

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 19, 2019

<u>By Hand and ECF</u>

The Honorable William F. Kuntz
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Jean Boustani <u>et al.</u>
               <u>Criminal Docket No. 18-681 (WFK)</u>

Dear Judge Kuntz:

      The government respectfully writes in response to defense counsel's April 18, 2019 letter requesting an earlier trial date in this case. (ECF No. 68). The Court set trial for October 7, 2019 at the March 28, 2019 status conference (the "March 28 Conference"). Defense counsel requests an earlier trial date for two reasons: (1) defense counsel indicates, as he did at the March 28 Conference, that the current trial date conflicts with two other trials defense counsel has that are scheduled for September and October of this year in the Southern District of New York; and (2) defense counsel erroneously claims that the October 7, 2018 trial date violates the defendant's constitutional due process right to a speedy trial.

      First, as the government indicated at the March 28 Conference, the government will be ready for trial on whatever date the Court sets. The October 7, 2019 trial date set by the Court, however, is a speedy trial date that permits the parties to manage pretrial issues in this complex case, including anticipated motion practice, expert disclosures, Rule 404(b) motions, production of the parties' intended exhibits and Rule 3500 material, witness scheduling, and other issues, in an orderly manner.

      The government has made extraordinary efforts to bring this case to trial as soon as practical. Since the defendant's arrest and arraignment on January 2, 2019, the government has provided a reverse proffer for defense counsel of the government's key evidence, and has produced more than 5 million pages of documents. Although this case involves eight defendants, including several who are the subject of extradition proceedings abroad, the government has consented to severing this defendant if necessary so that he may be tried as soon as possible. In addition, while the government believes that the trial date set by the Court is a speedy and appropriate date in this complex case, the government has advised the defendant that if the Court

is available and the defendant so desires, the government would consent to moving the trial date up to September 3, 2019.  Alternatively, if this Court were available, the government has offered to move this trial to November 2019 if it would assist defense counsel with his scheduling challenges.

Instead, defense counsel asks for trial in June, July or August 2019.  While the government will be ready on whatever date the Court sets, the government respectfully submits that those dates would not provide for the orderly management of the issues noted above.  This is particularly the case where, as here, the defendant has yet to file his pre-trial motions and is still litigating his detention before the Second Circuit.[1]

Second, defense counsel's argument that a September or October trial date would be a due process violation because the defendant is detained is incorrect, and the cases he cites do not support his argument.  For example, defense counsel cites United States v. Jackson, 823 F.2d 4, 8 (2d Cir. 1987) (ECF No. 68 at 1), a heroin conspiracy case, where a trial date was set for approximately six months after the defendant's arrest, but the trial did not begin until a date approximately six weeks later at the defendant's request.  The Second Circuit found that the ultimate trial date did not violate the defendant's constitutional rights, but noted that when the government moves for pretrial detention it has an obligation to arrange for the trial as quickly as possible, and to use extraordinary means if necessary.  The facts of Jackson are analogous to those presented here.  The government has made extraordinary efforts to bring the case to trial as rapidly as possible, and has also made great efforts to accommodate defense counsel's schedule.[2] In this complex case involving fraudulent syndicated loans, loan participation notes and Eurobonds marketed and sold to investors in the United States and elsewhere, the government has worked at breakneck pace to produce voluminous discovery to the defendant, agreed to sever this defendant and try him alone if necessary,[3] and volunteered to try the case in September 2019 if the Court and defense counsel are available.  Certainly, pre-trial detention for eight or nine months in such a complex case where the defendant has not yet filed his announced motions and has already appealed his detention to the Second Circuit twice does not violate the defendant's constitutional rights.  Indeed, the Second Circuit has routinely found that much lengthier periods

---

[1] The defendant has thus far indicated that he will make a motion to dismiss the indictment, but has not yet indicated what other pre-trial motions he will file.  Meanwhile, on April 18, 2019, the defendant filed his second appeal to the Second Circuit regarding his detention.

[2] While the government has done its best to accommodate the defense counsel's busy schedule, defense counsel's schedule in other cases is not of constitutional weight in this one.

[3] The government's agreement to sever this defendant is consistent with the holding in United States v. Salerno, 794 F.3d 64, 79 n.2 (2d Circ. 1986), cited by the defendant in support of his position here.  (ECF no. 68 at 2).  As the footnote the defendant quotes from indicates, where a defendant is detained, the government must seek to accelerate the trial date, and in "complex multi-defendant cases, that may require that the government seek a severance." Salerno, 794 F.3d at 79 n.2.  That is exactly what the government has consented to here in order to accelerate the defendant's trial date.

of pre-trial detention did not violate due process.  See, e.g., United States v. Williams, 736 Fed. App'x 267, 271-272 (2d Cir. 2018) (19-month detention upheld); United States v. Briggs, 697 F.3d 98, 101-104 (2d Cir. 2012) (a nearly 26-month detention upheld); United States v. Hill, 462 Fed. App'x 125, 127 (2d Cir. 2012) (24-month detention upheld); see also United States v. Raniere, No. 18-CR-204-1 (NGG), 2019 WL 469305, at *3 (E.D.N.Y. Feb. 5, 2019) (denying release from detention in case with a 13-month delay before trial, holding that such a delay "is typical in a complex, multi-defendant case with voluminous discovery, such as this.").

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:    /s/
    Mark E. Bini
    Hiral D. Mehta
    Assistant U.S. Attorneys
    (718) 254-8761 (Bini)

DEBORAH L. CONNOR  
Chief, Money Laundering  
And Asset Recovery Section  
Criminal Division  
U.S. Dept. of Justice  

ROBERT A. ZINK  
Acting Chief, Fraud Section  
Criminal Division  
U.S. Dept. of Justice  

By:  /s/  
Margaret A. Moeser  
Sean O'Donnell  
Trial Attorneys  
(202) 598-2345  

By:  /s/  
David M. Fuhr  
Trial Attorney  
(202) 616-3504