UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                     :     No. 18-cr-681 (WFK)
:
   - against -                                        :     ECF Case
:
JEAN BOUSTANI, et al.,                        :
                        Defendants.
:     Dated:  June 17, 2019
:
:     ORAL ARGUMENT REQUESTED
:
------------------------------------------------------------- X

**DEFENDANT JEAN BOUSTANI'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO UNSEAL DEFENDANT DETELINA SUBEVA'S PLEA AGREEMENT
AND THE GOVERNMENT'S SEALING MOTION**

                                                                        **WILLKIE FARR & GALLAGHER LLP**
                                                                        Michael S. Schachter
                                                                        Randall W. Jackson
                                                                        Casey E. Donnelly
                                                                        Philip F. DiSanto
                                                                        787 Seventh Avenue
                                                                        New York, New York 10019-6099
                                                                        Phone:  (212) 728-8000
                                                                        Email:  mschachter@willkie.com

                                                                        *Attorneys for Defendant Jean Boustani*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

PRELIMINARY STATEMENT .................................................................................................... 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

I.  PROCEDURAL DEFECTS, SUCH AS THE LACK OF SPECIFIC FACTUAL
    FINDINGS, WARRANT UNSEALING THE PLEA AGREEMENT AND SEALING
    MOTION ............................................................................................................................ 5

II. THE PRESUMPTIVE RIGHT OF ACCESS TO THE PLEA AGREEMENT AND
    SEALING MOTION OUTWEIGHS ANY INTEREST OF THE GOVERNMENT, MS.
    SUBEVA, OR A THIRD PARTY. ..................................................................................... 5

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Doe v. Greiner*,
    662 F. Supp. 2d 355 (S.D.N.Y. 2009)......................................................................................4

*Gambale v. Deutsche Bank AG*,
    377 F.3d 133 (2d Cir. 2004).....................................................................................................3

*In re New York Times Co.*,
    828 F.2d 110 (2d Cir. 1987).....................................................................................................5

*United States v. Alcantara*,
    396 F.3d 189 (2d Cir. 2005).....................................................................................................2

*United States v. Blazer*,
    No. 13-CR-602 (RJD) (E.D.N.Y. June 15, 2015), ECF No. 26................................................9

*United States v. Cojab*,
    996 F.2d 1404 (2d Cir. 1993)...................................................................................................2

*United States v.* Doe,
    63 F.2d 121 (2d Cir. 1995)...........................................................................................3, 4, 5, 6

*United States v. E. Air Lines, Inc.*,
    923 F.2d 241 (2d Cir. 1991).....................................................................................................9

*United States v. Haller*,
    837 F.2d 84 (2d Cir. 1988)...............................................................................................2, 3, 5

*United States v. Hawilla*,
    No. 14-cr-609 (RJD) (E.D.N.Y. Oct. 14, 2015), ECF No. 59 ..................................................9

*United States v. Huntley*,
    943 F. Supp. 2d 383, 384 (E.D.N.Y. 2013) ...........................................................................7, 8

*United States v. Key*,
    No. 98-CR-446 (ERK), 2010 WL 3724358 (E.D.N.Y. Sept. 15, 2010)....................................2

*United States v. Martoma*,
    No. S1 12-CR-973 (PGG), 2014 WL 164181 (S.D.N.Y. Jan. 9, 2014)....................................4

*United States v. Warner*,
    No. 13-cr-00584 (WFK) (E.D.N.Y. May 29, 2015), ECF No. 71............................................9

*United States v. Wright*,
    No. 04-CR-0949 (SJF), 2012 WL 2930181 (E.D.N.Y. July 16, 2012) ....................................4

*United States v. Zazi*,
   Nos. 09-CR-663 (RJD), 10-CR-0019 (RJD), 2010 WL 2710605 (E.D.N.Y.
   June 30, 2010) ........................................................................................................... *passim*

*Washington Post v. Robinson*,
   935 F.2d 282 (D.C. Cir. 1991) ........................................................................................2, 3

**Statutes**

18 U.S.C. § 1956(h) ..........................................................................................................................1

**Other Authorities**

Joseph Cotterill & Caroline Binham, *Former Credit Suisse banker pleads guilty
   on Mozambique bribes*, Financial Times (May 21, 2019),
   https://www.ft.com/content/a4de6e06-7ba6-11e9-81d2-f785092ab560 ................................10

Rebecca Davis, et al., *Former Credit Suisse Banker Pleads Guilty in Alleged
   Mozambique Bribery Scheme*, The Wall Street Journal (May 21, 2019 6:34
   PM), https://www.wsj.com/articles/former-credit-suisse-banker-pleads-guilty-
   in-alleged-bribery-scheme-in-mozambique-11558466431 ........................................................8

Peter Fabricius, *United States 'greatly disappointed' in SA decision to extradite
   former finance minister to Mozambique, not US*, Daily Maverick, (May 22,
   2019), https://www.dailymaverick.co.za/article/2019-05-22-united-states-
   greatly-disappointed-in-sa-decision-to-extradite-former-finance-minister-to-
   mozambique-not-us/ ....................................................................................................................8

Patricia Hurtado, *Ex-Credit Suisse Banker Pleads Guilty in $2 Billion
   Mozambique Scam* (May 20, 2019 6:45 PM),
   https://www.bloomberg.com/news/articles/2019-05-20/ex-credit-suisse-
   banker-to-plead-guilty-in-mozambique-case; Brendan Pierson ..............................................10

Brendan Pierson, *Ex-Credit Suisse banker pleads guilty to U.S. charge over
   Mozambique loan*, Reuters (May 20, 2019 6:40 PM),
   https://www.reuters.com/article/us-mozambique-credit-suisse-charges/ex-
   credit-suisse-banker-pleads-guilty-to-u-s-charge-over-mozambique-loan-
   idUSKCN1SQ2E1 ...................................................................................................................10

Kadhim Shubber, *US names three defendants in Mozambique 'tuna bond'
   scandal*, Financial Times (Mar. 7, 2019),
   https://www.ft.com/content/59623848-4124-11e9-9bee-efab61506f44 ..................................8

Matt Wirz, et al., *U.S. Casts Global Dragnet in Mozambique Corruption Probe*,
   The Wall Street Journal (Jan. 15, 2019 5:30 AM),
   https://www.wsj.com/articles/mozambique-corruption-probe-marks-new-u-s-
   approach-11547548201 ............................................................................................................8

Matt Wirz, *Three Former Credit Suisse Bankers Arrested for Involvement in Mozambique Debt Deals*, The Wall Street Journal (Jan. 3, 2019 7:25 PM), https://www.wsj.com/articles/three-credit-suisse-bankers-arrested-for-involvement-in-mozambique-debt-deals-11546557595 ............................................................8

Defendant Jean Boustani respectfully submits this memorandum of law in support of his motion to unseal Defendant Detelina Subeva's plea agreement (the "Plea Agreement") and the Government's motion in support of filing the Plea Agreement under seal (the "Sealing Motion").

## PRELIMINARY STATEMENT

On May 20, 2019, Detelina Subeva appeared before this Court and pleaded guilty to one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h). (Ex. A (Excerpt of May 20, 2019 Hr'g Tr. of Criminal Cause for Arraignment & Guilty Plea) 12–13:14–2, *United States v. Subeva*, 18-CR-681 (WFK)). Ms. Subeva pled not guilty to the remaining counts against her, including the Indictment's allegations that she engaged in a conspiracy with Mr. Boustani and others to commit wire fraud and securities fraud. (*Id.*) The Government moved to admit Ms. Subeva's Plea Agreement into evidence and then moved to seal the Plea Agreement "for the reasons set out in [the Government's] sealed submission." (*Id.* at 14:2–10.) Hearing no objection from Ms. Subeva's counsel, the Court admitted the Plea Agreement under seal, but did not make any factual findings. (*Id.* at 14:11–14.) The Government filed nothing in the public domain that proffers any justification for the sealing of these court records.

The Government's request to seal the Plea Agreement was improper for two reasons. First, the Second Circuit requires a court, before entering a sealing order, to provide an on the record explanation of why the constitutional right to open access to judicial filings has been trumped by some other, more compelling interest that requires sealing. By filing under seal its request to seal the Agreement, the Government denied the Court the ability to make those findings on the record. The sealing order was therefore improper and should be vacated for this

reason alone.  Second, although Mr. Boustani cannot know what basis the Government proffered for sealing the Plea Agreement, there can be no proper grounds here.  The Second Circuit imposes a high burden on the party moving to seal a plea agreement, and it is only in rare instances where the sealing of a plea agreement is justified, namely where release would jeopardize the integrity of an ongoing investigation or would place the cooperating witness in danger.  To our knowledge, those interests are not present here.  Mr. Boustani therefore respectfully requests that this Court unseal the Plea Agreement and the Sealing Motion.

## LEGAL STANDARD

The power to seal "'is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons.'" *United States v. Key*, No. 98-CR-446 (ERK), 2010 WL 3724358, at *2 (E.D.N.Y. Sept. 15, 2010) (quoting *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993)).  The public's right of access to filings in criminal proceedings is recognized as "the rule and it is a rare and exceptional case where it does not apply." *United States v. Zazi*, Nos. 09-CR-663 (RJD), 10-CR-0019 (RJD), 2010 WL 2710605, at *4 (E.D.N.Y. June 30, 2010) (internal quotations omitted).

The Second Circuit has long established that the public and press have a common law and First Amendment "right of access to plea hearings and to plea agreements." *United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988); *see also United States v. Alcantara*, 396 F.3d 189, 196 (2d Cir. 2005) ("[P]lea agreements have traditionally been open to the public, and public access to them enhances both the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to public confidence in the system.") (quoting *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991)); *Key*, 2010 WL 3724358, at *2 ("The Second Circuit has made clear that in criminal cases, the press and the public have a qualified

First Amendment (and common law) right of access to plea agreements, as well as plea and sentencing proceedings. . . . [T]his right of access even extends to plea agreements and related documents disclosing defendants' cooperation."). The right of access is grounded in the notion that the "bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud" and provides "the public with a more complete understanding of the judicial system and a better perception of its fairness." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (internal quotations omitted).

The Second Circuit has identified the following procedural steps for the Government and courts to follow when handling motions to seal plea agreements: (1) the Government must file a written motion to seal the plea agreement and notice of that motion must be entered in a timely fashion in the public docket; (2) the trial court must afford interested persons an opportunity to be heard and to contest a sealing decision; (3) the trial court must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"; and (4) the court must also place the fact that it has sealed the plea agreement on the public docket. *Haller*, 837 F.2d at 87 (internal quotations omitted); *see also Washington Post*, 935 F.2d at 288–89 (adopting the steps outlined in *Haller*). An order granting a motion to seal may be vacated where these important procedural steps are not followed. *Haller*, 837 F.2d at 89; *Washington Post*, 935 F.2d at 290.

The "presumptive" right of access may be overcome where the district court makes specific factual findings that closure is required to avoid substantially prejudicing a compelling interest. *See Haller*, 837 F.2d at 86–88. In *United States v. Doe*, a case involving a defendant's motions to close pre-trial hearings as well as the actual trial, the Second Circuit

established a four-pronged test that attempts to balance the presumptive right of access with the rare need for closure to protect a compelling interest:

> First, the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure would prevent. Compelling interests may include the defendant's right to a fair trial, privacy interests of the defendant, victims or other persons, the integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations, or detection devices, and danger to persons or property. Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interests overrides the qualified First Amendment right of access. Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose.

63 F.2d 121, 128 (2d Cir. 1995) (internal citations, quotation marks and punctuation marks omitted); *see also United States v. Martoma*, No. S1 12-CR-973 (PGG), 2014 WL 164181, at *4–5 (S.D.N.Y. Jan. 9, 2014); *Zazi*, 2010 WL 2710605, at *3.

The Government's application to seal the Plea Agreement in its entirety constitutes "a request for extraordinary relief." *Doe v. Greiner*, 662 F. Supp. 2d 355, 359–60 (S.D.N.Y. 2009). The party seeking such relief bears the burden of establishing that sealing (or the continuation to seal) is warranted. *United States v. Wright*, No. 04-CR-0949 (SJF), 2012 WL 2930181, at *2 (E.D.N.Y. July 16, 2012); *Zazi*, 2010 WL 270165, at *1–3 (describing the government's burden to justify its sealing of a plea agreement as a "high" and "heavy" one). The circumstances surrounding this case indicate that the Government has failed to meet its "high" and "heavy" burden.

# ARGUMENT

## I. PROCEDURAL DEFECTS, SUCH AS THE LACK OF SPECIFIC FACTUAL FINDINGS, WARRANT UNSEALING THE PLEA AGREEMENT AND SEALING MOTION.

By filing its motion to seal the Plea Agreement under seal, the Government prevented this Court from satisfying its obligation to make "specific findings . . . on the record" as to whether open access to the Agreement would "cause prejudice to a compelling interest of the defendant, government, or third party." *Doe*, 63 F.2d at 128; *see also Haller*, 837 F.2d at 87. In *In re New York Times Co.*, the Second Circuit vacated a district court's order to seal, holding that the court failed to articulate a specific justification for its decision to keep a suppression motion under seal. 828 F.2d 110, 116 (2d Cir. 1987). While the district court in *New York Times Co.* had considered the fair trial and privacy interests implicated by unsealing the suppression motion, the Second Circuit found these considerations to be "[b]road and general findings . . . not sufficient to justify closure," and that its "review of the sealed materials indicates that the wholesale sealing of the motion papers was more extensive than necessary to protect defendants' fair trial rights, their privacy interests and the privacy interests of third persons." *Id.*

Because there has been no on-the record findings justifying the sealing of the Plea Agreement, the sealing order is improper and should be vacated. *See Haller*, 837 F.2d at 89 (vacating the district court's order sealing plea agreement where the court failed to make any findings in support of the order to seal).

## II. THE PRESUMPTIVE RIGHT OF ACCESS TO THE PLEA AGREEMENT AND SEALING MOTION OUTWEIGHS ANY INTEREST OF THE GOVERNMENT, MS. SUBEVA, OR A THIRD PARTY.

As discussed above, the Second Circuit has stated that sealing may be appropriate where a court determines, "in specific findings made on the record, [that] there is a substantial

probability of prejudice to a compelling interest of the defendant, government, or third party, [including] the defendant's right to a fair trial, privacy interests of the defendant, victim or other persons, [or] the integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations, or detection devices, and danger to persons or property." *Doe*, 63 F.2d at 128. Although the Government's failure to propose findings to the Court makes it impossible for Mr. Boustani to know which supposed interest the Government claimed it was protecting, no interest appears so compelling here as to justify denial of the constitutional right of access to court filings.

To the extent the Government asserted that making the Plea Agreement and Sealing Motion available to the public would prejudice the integrity of its investigation, that would not be an appropriate basis. This investigation has been widely publicized. It seems extremely unlikely that the Government has in place any ongoing undercover investigation or detection devices, and the details of Ms. Subeva's plea cannot be said to risk danger to person or property. Accordingly, purported protection of the investigation is insufficient to justify sealing judicial records.

Then-Chief Judge Dearie's decision in *United States v. Zazi* is illustrative. In *Zazi*, Chief Judge Dearie considered a motion to unseal the plea agreements, cooperation agreements, and other related documents of two defendants who had pleaded guilty to conspiring to use weapons of mass destruction against New York City subways in September 2009. *Zazi*, 2010 WL 2710605, at *1. The case received extensive media coverage, with many outlets reporting that Zazi had likely agreed to cooperate with U.S. officials. *Id.* at *3. In contesting the motion to unseal, the Government maintained that disclosure would result in a substantial probability of prejudice to three compelling interests. *Id.* First, disclosure would prejudice the

Government's ongoing criminal investigation by alerting the defendants' former co-conspirators about the defendants' cooperation, thus encouraging the co-conspirators to destroy evidence, tamper with witnesses, and avoid detection by law enforcement. *Id.* Second, disclosure would prejudice the Government's overseas intelligence collection because al-Qaeda members abroad would be encouraged to alter their operational practices. *Id.* Finally, disclosure might prompt al-Qaeda to seek retribution, jeopardizing the safety of the defendants and their families. *Id.*

While the court acknowledged that the interests articulated above could be "sufficiently compelling to justify sealing," *id.*, the court held that the Government had not met its burden of setting forth "persuasive evidence of serious risk to a compelling interest." *Id.* at *4 (internal quotations omitted). The court concluded that the media's speculation of Zazi's cooperation had become "purported fact," particularly given the timing of certain events in the case. *Id.* at *3. Due to the extensive media reporting, the court found "it more reasonable to conclude . . . that any remaining co-conspirators have employed, or are currently employing, all possible methods to avoid detection by law enforcement, and that public disclosure of Zazi's cooperation will be of little consequence to the government's efforts to find or build a case against them." *Id.* at *4. The court subsequently ordered unsealing of the materials. *Id.* at *5.

Another court in the Eastern District reached a similar conclusion in *United States v. Huntley*, which involved a motion to unseal the sentencing memorandum of former New York State Senator Huntley, who had agreed to record her conversations with state legislators and officials to reduce her sentence for conspiracy to commit mail fraud. 943 F. Supp. 2d 383, 384 (E.D.N.Y. 2013). In assessing whether the release of the sentencing memorandum (which included the names of the people Huntley recorded) would prejudice the Government's investigation, the court concluded, "[i]nterference with ongoing investigations will be of almost

no significance." *Id.* at 387. As the court explained, "those recorded through defendant's assistance can infer who they are by information that is publicly available and by their own knowledge of contacts with Huntley. It is well known that widespread investigations of New York State legislators and related officials are being conducted by the government. Information about wires worn by the pleading guilty has been widely reported by the press . . . Every legislator who has conversed with the defendant will necessarily assume that he or she was recorded under the supervision of the FBI." *Id.* Again, as in *Zazi*, significant press attention surrounding the case mitigated concerns that releasing sealed documents would substantially prejudice the government's investigation.

As in *Zazi* and *Huntley*, there has been significant media coverage of this case. The reporting has covered the entire scope of the Government's investigation, the defendants, the identities of unindicted co-conspirators, the Government's strategy relating to handling the extradition of certain defendants, and Ms. Subeva's plea hearing.[1] The probability of prejudice to the Government's interests here is far less than in *Zazi* or *Huntley*. *Zazi* involved issues affecting national security, and yet the court ordered the documents unsealed. *Huntley* dealt with

---

[1] *See, e.g.*, Matt Wirz, et al., *U.S. Casts Global Dragnet in Mozambique Corruption Probe*, The Wall Street Journal, (Jan. 15, 2019 5:30 AM), https://www.wsj.com/articles/mozambique-corruption-probe-marks-new-u-s-approach-11547548201; Matt Wirz, *Three Former Credit Suisse Bankers Arrested for Involvement in Mozambique Debt Deals*, The Wall Street Journal, (Jan. 3, 2019 7:25 PM), https://www.wsj.com/articles/three-credit-suisse-bankers-arrested-for-involvement-in-mozambique-debt-deals-11546557595; Kadhim Shubber, *US names three defendants in Mozambique 'tuna bond' scandal*, Financial Times, (Mar. 7, 2019), https://www.ft.com/content/59623848-4124-11e9-9bee-efab61506f44; Peter Fabricius, *United States 'greatly disappointed' in SA decision to extradite former finance minister to Mozambique, not US*, Daily Maverick, (May 22, 2019), https://www.dailymaverick.co.za/article/2019-05-22-united-states-greatly-disappointed-in-sa-decision-to-extradite-former-finance-minister-to-mozambique-not-us/; Rebecca Davis, et al., *Former Credit Suisse Banker Pleads Guilty in Alleged Mozambique Bribery Scheme*, The Wall Street Journal, (May 21, 2019 6:34 PM), https://www.wsj.com/articles/former-credit-suisse-banker-pleads-guilty-in-alleged-bribery-scheme-in-mozambique-11558466431.

corruption within the halls of the New York statehouse, and the document at issue there was still unsealed.

Similarly, plea agreements and cooperation materials in the much-publicized FIFA cases, which—like here—involved numerous defendants and issues concerning extraterritoriality, wire fraud, and kickbacks, were unsealed and made accessible to the public. *See, e.g.*, Memorandum & Order, *United States v. Blazer*, No. 13-CR-602 (RJD) (E.D.N.Y. June 15, 2015), ECF No. 26 (unsealing plea agreement); Ltr. to Hon. William F. Kuntz, II, *United States v. Warner*, No. 13-cr-00584 (WFK) (E.D.N.Y. May 29, 2015), ECF No. 71 (unsealing plea transcripts of two defendants); *see also* Limited Unsealing Order, *United States v. Hawilla*, No. 14-cr-609 (RJD) (E.D.N.Y. Oct. 14, 2015), ECF No. 59 (unsealing a redacted transcript, cooperation agreement and plea agreement of José Hawilla at the request of the Government).

It is hard to imagine how the unsealing of the Plea Agreement and Sealing Motion could substantially prejudice the Government's ongoing investigations (if any) in this matter. The Government has moved well beyond the investigative phase. It is pursuing extradition of three of the Defendants, and it has long maintained that it is ready for trial against Mr. Boustani. Likewise, the extensive press coverage also rebuts any potential argument that unsealing the Plea Agreement and Sealing Motion would substantially prejudice Ms. Subeva's privacy interests. *See United States v. E. Air Lines, Inc.*, 923 F.2d 241, 243 (2d Cir. 1991) (denying defendant's request to seal the affidavit of a Criminal Investigator in the Eastern District's U.S. Attorney's Office and noting that defendant's privacy right had been "thoroughly diluted" by the public filing of the indictment and was "outweighed by the traditional common-law right of public

access to documents"). In fact, details of Ms. Subeva's plea have already been reported by the media.[2]

It is equally hard to believe that the Government could be claiming that disclosure of the Plea Agreement and Sealing Motion could jeopardize Ms. Subeva's safety. The Government does not contend that Mr. Boustani is a danger to anyone. Ms. Subeva's cooperation is also well known. To our knowledge, Ms. Subeva is not at risk, but, even if she was, it would be difficult to see how disclosure of the details of the Plea Agreement and Sealing Motion could possibly incrementally increase even any theoretical risk.

Because the Government cannot establish a substantial probability of prejudice to any compelling interest which would result from unsealing the Plea Agreement, the Agreement and Sealing Motion should be unsealed.

## CONCLUSION

For the foregoing reasons, Mr. Boustani respectfully requests that the Court unseal the Plea Agreement and Sealing Motion.

---

[2] *See, e.g.*, Joseph Cotterill & Caroline Binham, *Former Credit Suisse banker pleads guilty on Mozambique bribes*, Financial Times, (May 21, 2019), https://www.ft.com/content/a4de6e06-7ba6-11e9-81d2-f785092ab560; Patricia Hurtado, *Ex-Credit Suisse Banker Pleads Guilty in $2 Billion Mozambique Scam*, Bloomberg (May 20, 2019 6:45 PM), https://www.bloomberg.com/news/articles/2019-05-20/ex-credit-suisse-banker-to-plead-guilty-in-mozambique-case; Brendan Pierson, *Ex-Credit Suisse banker pleads guilty to U.S. charge over Mozambique loan*, Reuters, (May 20, 2019 6:40 PM), https://www.reuters.com/article/us-mozambique-credit-suisse-charges/ex-credit-suisse-banker-pleads-guilty-to-u-s-charge-over-mozambique-loan-idUSKCN1SQ2E1.

Dated:   New York, New York
         June 17, 2019


**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
    Michael S. Schachter
    Randall W. Jackson
    Casey E. Donnelly
    Philip F. DiSanto
    787 Seventh Avenue
    New York, New York 10019-6099
    Phone:  (212) 728-8000
    Email:  mschachter@willkie.com

   *Attorneys for Defendant Jean Boustani*