UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                 :

UNITED STATES OF AMERICA,            :      No. 18-cr-681 (WFK)

    - against –                                   :      ECF Case

JEAN BOUSTANI, et al.,                    :
                    Defendants.
                                                 :      Dated:  June 17, 2019

                                                 :
------------------------------------------------------------- X

# DEFENDANT JEAN BOUSTANI'S MEMORANDUM OF LAW
# IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS

 

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York   10019-6099
Phone:  (212) 728-8000

*Attorneys for Defendant Jean Boustani*

Defendant Jean Boustani respectfully submits this memorandum of law in support of his motion for a limited Bill of Particulars.

I. **THE GOVERNMENT SHOULD BE ORDERED TO PRODUCE A BILL OF PARTICULARS REGARDING THE MISREPRESENTATIONS ALLEGEDLY MADE IN CONNECTION WITH THE 2016 EUROBOND EXCHANGE.**

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to order the Government to file a bill of particulars so that a defendant can "identify with sufficient particularity the nature of the charge pending against him," and thereby adequately prepare for trial. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)). A defendant is entitled to a bill of particulars when the indictment fails "to provide the defendant with sufficient detail to defend adequately the charges against him." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998).

This is a fraud case and it is axiomatic that the *actus reus* of a fraud offense is an "affirmative misrepresentation" or the "omission[] of material information that the defendant has a duty to disclose." *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (scheme to defraud apparent where "there exists a discrepancy between benefits reasonably anticipated because of the misleading representations and the actual benefits which the defendant delivered, or intended to deliver.") (internal quotation marks and citation omitted).

It is possible to divine from the Indictment that the Government is alleging that the representations set forth in the Proindicus Loan Agreement, EMATUM Loan Agreement and MAM Loan Agreement regarding the use of loan proceeds and compliance with anti-corruption laws constituted falsehoods material to the decisions of purchasers of the Mozambican debt from Credit Suisse and Russian bank VTB. (*See* Indictment ¶¶ 50, 70, 80-81, ECF No. 1 ("Ind.").) It

- 1 -

is not at all clear, however, from either the Indictment or the discovery produced to date, what misrepresentations are at issue in connection with the April 2016 Eurobond Exchange.

The Indictment states that the "[Eurobond] [E]xchange documents" contained "false and misleading information about the Eurobonds and Mozambique's creditworthiness," *see id*. ¶ 88, but the Indictment does not identify what "information" in those documents is alleged to be false or what "information" in those documents is alleged to be misleading. The Indictment also states that the "[Eurobond] [E]xchange documents failed to *adequately* disclose the existence of the Proindicus and MAM Loans or the maturity dates of those loans." *Id*. (emphasis added). The Indictment does not provide any further explanation of why or how the disclosure in the "[E]xchange documents" was "inadequate" or what further disclosure was required in order to make the disclosure "adequate." In addition, neither the Indictment nor the Government's discovery identify the source of the disclosure obligation that was allegedly violated in connection with the "[E]xchange documents." Disclosure of a fact is not required simply because an investor would very much like to know that fact. *Chiarella v. United States,* 445 U.S. 222, 228 (1980) ("one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so."); *United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("We do not mean to imply that all or even most instances of non-disclosure of information that someone might find relevant come within the purview of the mail and wire fraud statutes."). Rather, an omission is actionable under the fraud statutes only where there is a legal duty to disclose the omitted facts. *Chiarella,* 445 U.S. at 232-233 (there is no "parity of information" rule that applies in "impersonal market transactions."). At this point, Mr. Boustani remains uncertain about what the actual misrepresentation or omission is in the "[E]xchange documents," and about what disclosure

obligation was allegedly violated. Without this information, it is impossible for Mr. Boustani to prepare an appropriate defense to the Government's contentions.

Likewise, the Indictment separately alleges that during an in-person meeting on March 16, 2016, one of Mr. Boustani's co-Defendants, Mr. Do Rosario, "provided false and misleading information to investors regarding Mozambique's economic prospects, debt level and its ability and intention to meet its EMATUM debt obligations" in order to "induce [those investors] to exchange EMATUM loan participation notes for Eurobonds." (Ind. ¶ 98(q).) Mr. Boustani is not alleged to have been present at that meeting and in fact, he was not there and did not participate. We have scoured the Government's discovery and have not found any recording or transcript of the March 16, 2016 meeting. Accordingly, we do not know what Defendant Do Rosario actually said at that meeting and thus, have no idea what statements are actually at issue. It is impossible for Mr. Boustani to defend himself on this point without further information.

Accordingly, the Government should be required to file a bill of particulars identifying each of the false statements, if any, that are contained in the "[E]xchange documents," as well as the location of those false statements, since the Indictment's generic reference to unspecified "[E]xchange documents" is of limited utility. The Government should also be required to explain why it believes the representations in the "[E]xchange documents" are false or misleading, so that Mr. Boustani is not confronted for the first time at trial with a theory of criminality previously unknown to him. To the extent the Government's theory is that the representations contained in the "[E]xchange documents" are true, but that additional disclosure was required, the Government should be ordered to identify the additional information that it contends was required to be disclosed, along with the specific disclosure rule or duty that it contends was violated. In addition, the Government should be required to identify the exact

statements made by Defendant Do Rosario at the March 16, 2016 meeting that the Government is contending were "false or misleading" and should also identify the source of that information, since no transcript of that meeting has been produced. The Government should also be required to explain why it believes Defendant Do Rosario's statements were either "false" or "misleading" so that Mr. Boustani is not confronted for the first time at trial with a theory of criminality previously unknown to him.

An order requiring the Government to provide a bill of particulars on these topics is in the interests of justice and consistent with the practice in this Circuit. *See United States v. Lino*, No. 00-cr-632 (WHP) 2001 WL 8356, at *7 (S.D.N.Y. Jan. 21, 2001) ("[c]ourts consistently order the filing of particulars directed to the details of misrepresentations or fraudulent acts"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 574 (S.D.N.Y. 2000) (in a Medicare fraud conspiracy, court ordered the government to identify each and every one of the alleged false statements it intended to prove at trial and the manner in which each statement was allegedly false); *United States v. Fassoulis*, 49 F.R.D. 43, 45 (S.D.N.Y. 1969) (ordering disclosure of "the substance of the false statements alleged and a summary of the respects in which it is claimed that the statements were false" in a mail and wire fraud conspiracy case); *United States v. Crisona*, 271 F. Supp. 150, 157 (S.D.N.Y. 1967) (ordering disclosure of "the substance of any false representations").

## CONCLUSION

The Court should order the Government to produce a limited Bill of Particulars identifying the information described above.

Dated:   New York, New York
         June 17, 2019

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Defendant Jean Boustani*