UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :     No. 18-cr-681 (S-1) (WFK)
                                                               :
   - against -                                               :     ECF Case
                                                               :
JEAN BOUSTANI, et al.,                                         :
               Defendants.                                    :     Dated:  September 13, 2019
                                                               :
                                                               :
-------------------------------------------------------------- X


**DEFENDANT JEAN BOUSTANI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM REFERRING TO THE MOZAMBICAN COMPANIES AS "SHELL COMPANIES" AND THE <u>INFRASTRUCTURE PROJECTS AS "FRONTS" DURING TRIAL</u>**


**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York 10019-6099
Phone:  (212) 728-8000
Email:  mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*

Defendant Jean Boustani respectfully submits this memorandum of law in support of his motion *in limine* to preclude the Government from using the term "shell company" to describe Proindicus, EMATUM, or MAM (the "Mozambican Companies") and from using the term "fronts" to describe the Proindicus Coastal Surveillance Project, the EMATUM National Fishing Fleet Project, and the MAM National Shipyards Project (the "Infrastructure Projects").[1] The use of such terms would be misleading, unduly prejudicial, and without evidentiary basis.

### I. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM REFERRING TO THE MOZAMBICAN COMPANIES AS "SHELL COMPANIES" AND FROM DESCRIBING THE INFRASTRUCTURE PROJECTS AS "FRONTS."

Courts regularly utilize Rule 403 of the Federal Rules of Evidence to preclude parties and their witnesses from using pejorative or loaded terms due to the inherent danger of unfair prejudice. *See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, No. 04 civ. 10014 PKL, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (precluding the use of the phrase "tax haven" on the ground that it is inflammatory and cautioning the parties against using "inflammatory terms and making derogatory statements that do not bear on the issues being tried."); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 193 (S.D.N.Y. 2008) (precluding parties from "characteriz[ing] admissible evidence and testimony as 'securities fraud,' '*illegal*,' 'insider trading,' 'inside information,' and 'market manipulation.'") (emphasis added); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 2017) ("courts often prohibit the use of certain pejorative terms when such categorizations [are] inflammatory and unnecessary to prove a claim and such statements do not bear on the issues being tried.") (internal citation and quotation marks omitted).

---

[1] Capitalized terms have the same meaning as in Mr. Boustani's Amended Motion to Dismiss, which has been filed at Dkt. 97 (Opening Brief); Dkt. 125 (Reply); Dkt. 146 (Supplemental Submission).

The Mozambican Companies were not "shells" and the Infrastructure Projects were not "fronts." To the contrary, as the trial evidence will make clear, Mr. Boustani always considered the Proindicus Coastal Surveillance Project, the EMATUM National Fishing Fleet Project, and the MAM National Shipyards Project to be legitimate public works projects, aimed at addressing various needs in Mozambique, including criminal piracy, significant poaching of natural resources and a lack of skilled jobs through which Mozambicans could learn a trade. The delays and administrative handicaps that ultimately plagued the Infrastructure Projects does not mean that they were conceived in bad faith, but is instead, as the trial evidence will make clear, the result of circumstances that were outside of Mr. Boustani's control.

Aside from the factual inaccuracy of these terms, the terms "shell company" and "front" carry a pejorative connotation that is irrelevant to the issues at trial. Indeed, these exact terms have been precluded in this District for exactly this reason. In *United States v. Watts*, 934 F. Supp. 2d 451, 482 (E.D.N.Y. 2013), Judge Matsumoto granted the defendant's motion *in limine* to preclude the Government from using the terms "shell company" or "shell corporation" at trial. *Id.* In so holding, Judge Matsumoto explained that the "terms 'shell company' or 'shell corporation' could be perceived to have a pejorative meaning," and given that "[n]o evidentiary value is added" to the record by these terms, the preclusion of their use was appropriate. *Id.* The same analysis applies here and confirms that this Court should preclude the use of the terms "shell company" or "front" at trial.

## CONCLUSION

The Court should preclude the Government from using the term "shell company" to describe the Mozambican Companies and from using the term "fronts" to describe the Infrastructure Projects.

Dated: New York, New York
       September 13, 2019

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
    Michael S. Schachter
    Randall W. Jackson
    Casey E. Donnelly
    Philip F. DiSanto
    787 Seventh Avenue
    New York, New York 10019-6099
    Phone:  (212) 728-8000
    Email:  mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*