UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :     No. 18-cr-681 (S-1) (WFK)
                                                              :
          - against -                                         :     ECF Case
                                                              :
JEAN BOUSTANI, et al.,                                        :
                              Defendants.                     :     Dated:  September 13, 2019
                                                              :
                                                              :
------------------------------------------------------------- X

**DEFENDANT JEAN BOUSTANI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF KARL N. SNOW, PH.D**

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York 10019-6099
Phone:  (212) 728-8000
Email:  mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*

On August 15, 2019, the Government informed defense counsel that it intends to call Karl N. Snow, Ph.D., as an expert witness at trial. The Government disclosed that Dr. Snow would "testify about (1) general fixed income industry terms; (2) the syndication of loans; (3) the use of loan participation notes; (4) the Eurobond; and (5) the structure of the Proindicus loan, the EMATUM loan participation notes, the MAM loan and the EMATUM Eurobond exchange." (ECF No. 135 at 1-2 (Aug. 15, 2019 Ltr.).) On August 27, 2019, the Government produced a slide-deck presentation that corresponds to Dr. Snow's proposed testimony. (Ex. A (GX-1611).) Dr. Snow's presentation makes clear that he improperly intends to summarize the Government's factual narrative of the case, rather than solely offering expert opinions or explaining complicated terms that may be beyond the ken of the jury. The Government is not permitted to use Dr. Snow as a "conduit for a factual narrative." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 681 (S.D.N.Y. 2013). Mr. Boustani therefore respectfully requests that the Court preclude Dr. Snow from presenting improper factual testimony in violation of Fed. R. Evid. 702.

## I.  DR. SNOW SHOULD BE PRECLUDED FROM OFFERING IMPROPER FACTUAL NARRATION.

Both the Federal Rules of Evidence and this Circuit's precedent establish that an expert witness in a securities fraud case may testify concerning industry practices and terms, but may *not* summarize a factual narrative. *See* Fed. R. Evid. 702(a) (stating expert witness may offer opinion based on "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue"); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (holding expert testimony permissible to "help a jury understand unfamiliar terms and concepts" but not to "usurp . . . the role of the jury in applying [the] law to the facts before it"); *Tourre*, 950 F. Supp. 2d at 675 ("It is also inappropriate for experts to become a vehicle for factual narrative."); *Island Intellectual Prop.*

*LLC v. Deutsche Bank AG*, No. 09 CIV. 2675 KBF, 2012 WL 526722, at *2 (S.D.N.Y. Feb. 14, 2012) (prohibiting expert witness from "act[ing] as a vehicle for lengthy factual narrative"); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 180 (S.D.N.Y. 2008) (explaining that securities expert's "factual narrative of events giving rise to this action is inadmissible").

Mr. Boustani does not object to Dr. Snow explaining financial terminology, like "loan participation notes" and "special purpose vehicle," or describing in general terms complex industry practices like loan syndication. That testimony may provide the jury with helpful tools to understand the fact witnesses the jury will be hearing from. But Dr. Snow's slide presentation demonstrates the Government's intent to use Dr. Snow to improperly summarize the Government's factual narrative, often in an argumentative fashion.

It appears that Dr. Snow will serve as the storyteller for the Government's view of the case, by presenting selective (and thus, slanted) information concerning the structure and terms of the Proindicus loan and its subsequent syndication by Credit Suisse Securities (Europe) Ltd. and the London branch of VTB (the "European Investment Banks"), the EMATUM loan and its subsequent securitization by the European Investment Banks into loan participation notes ("LPNs"), the MAM loan, and the 2016 Exchange of the LPNs for Eurobonds. (ECF No. 135 at 1-2.) And although it is proper for Dr. Snow to explain how a loan is syndicated, it appears that Dr. Snow intends to present flowcharts that mischaracterize the roles of the European Investment Banks as mere conduits of money between "Investors" and Mr. Boustani's employer, "Privinvest." (*E.g.*, Ex. A at 10 (utilizing translucent white boxes to signify the European Investment Banks, with thick blue lines running directly from the "Investors" to "Privinvest.").) This characterization of the role of the European Investment Banks is argumentative. To the

extent the Government wishes to offer evidence of the roles the European Investment Banks played in these transactions, it should do so through the *thirteen* current or former employees of Credit Suisse and VTB that the Government has identified as trial witnesses.[1]

Dr. Snow's presentation also improperly cherry-picks and highlights provisions from the Loan Agreements in a manner that is clearly designed to advance the Government's overall factual narrative. (Ex. A at 13-14). The Government surely will introduce the Loan Agreements and may certainly ask witnesses about which provisions they read and considered important. But an expert witness who is testifying to educate the jury concerning the mechanics of loan "syndication" or to explain the nature of an "LPN" should not be permitted to testify about specific representations and warranties in the loan contracts that have nothing to do with the mechanics of the debt instruments. Again, Dr. Snow's testimony is not the Government's opportunity to provide an early closing argument to the jury. As another example, Dr. Snow's presentation offers argument about the identity and "location" of thirteen "investors" who purchased various of the Mozambican Debt Instruments.[2] (Ex. A at 30.) There is simply no reason for Dr. Snow to present factual testimony about the money managers identified in his slide deck—six of whom have been identified as Government trial witnesses—when the jury is perfectly capable of evaluating the testimony of those money managers. *See In re Rezulin Prods.*

---

[1]   On September 10, 2019, the Government provided the defense with a list of 46 witnesses it "currently intends to call in its case-in-chief," including eleven current or former employees of Credit Suisse (not including Mr. Boustani's co-defendants), and two current or former employees of VTB.

[2]   The "Mozambican Debt Instruments" refers to (i) purchases from the European Investment Banks of portions of debt that Proindicus owed to the European Investment Banks; (ii) purchases of loan participation notes ("LPNs") that were issued by a Dutch SPV in September 2013 and which constituted the securitization of a debt owed by EMATUM to the European Investment Banks; (iii) purchases from VTB of portions of the debt that MAM owed to VTB; and (iv) votes in the 2016 Exchange of the LPNs into Eurobonds.

*Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (holding expert witness may not offer a "narrative of the case which a juror is equally capable of constructing").

Dr. Snow's presentation also includes misleading factual summaries that are beyond the scope of any topic disclosed in the Government's expert disclosure notice. For example, Dr. Snow's presentation includes several slides titled "money flow through US bank accounts." (Ex. A at 19-20, 28-29, 38.) Dr. Snow's slides on this issue not only mischaracterize the flow of funds in connection with the Mozambican Debt Instruments, but summarize facts that are unrelated to the "structure" of the transactions or any other topic that the Government has disclosed. Because the Government has not sought to qualify Dr. Snow as an expert witness on wire transfers or correspondent banking, it should not be permitted to summarize its factual narrative on this issue through his testimony.

Again, Mr. Boustani does not seek to preclude Dr. Snow's testimony concerning key terms, industry standards, or concepts that are within his area of expertise. But the topics identified in the preceding paragraphs are squarely within the fact-finding province of the jury, and such testimony may only be elicited through fact witnesses with personal knowledge. *See Tourre*, 950 F. Supp. 2d at 675 (factual narrative by expert witness impermissible). Dr. Snow cannot serve as the Government's expert storyteller to summarize the convoluted and unsupportable factual narrative described in the Superseding Indictment.

## CONCLUSION

For the foregoing reasons, Mr. Boustani respectfully requests that the Court preclude the Government's proposed expert witness, Karl N. Snow, Ph.D., from presenting improper factual testimony in violation of Fed. R. Evid. 702, including (a) testimony concerning the Mozambican Debt Instruments; (b) the roles of the European Investment Banks in those

Instruments; (c) terms in the Loan Agreements that the Government wishes to emphasize but which have nothing to do with the mechanics of the Instrument; (d) inferences to be drawn from documents in discovery as to the identity or location of particular "investors" the Government wishes to emphasize for the jury; or (e) the flow of funds or any other undisclosed subjects of testimony.

Dated: New York, New York
September 13, 2019

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Philip F. DiSanto
787 Seventh Avenue
New York, New York 10019-6099
Phone: (212) 728-8000
Email: mschachter@willkie.com

*Attorneys for Defendant Jean Boustani*