# EXHIBIT 1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   -------------------------------x
                                          16-CR-234(BMC)
 3   UNITED STATES OF AMERICA,
                                          United States Courthouse
 4            Plaintiff,                  Brooklyn, New York

 5            -against-                   May 2, 2017
                                          9:30 a.m.
 6   LOUIS F. PETROSSI,

 7            Defendant.

 8   -------------------------------x

 9             TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
               BEFORE THE HONORABLE BRIAN M. COGAN
10                UNITED STATES DISTRICT JUDGE
                         BEFORE A JURY
11

12   APPEARANCES

13   For the Government:      BRIDGET M. ROHDE, ESQ.
                              Acting United States Attorney
14                            Eastern District of New York
                              271 Cadman Plaza East
15                            Brooklyn, New York 11201
                              BY:   MARK E. BINI
16                                  LAUREN HOWARD ELBERT
                              Assistant United States Attorneys
17
     For the Defendant:       PETRILLO KLEIN & BOXER LLP
18                            655 Third Avenue
                              22nd Floor
19                            New York, New York 10017
                              BY:  NELSON A. BOXER, ESQ.
20                                 JACK MICHAEL GENBERG, ESQ.

21
     Court Reporter:          LINDA D. DANELCZYK, RPR, CSR, OCR
22                            Phone:  718-613-2330
                              Fax:    718-804-2712
23                            Email:  LindaDan226@gmail.com

24   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
25
```

JURY CHARGE

1    Like I told you with regard to taking notes, don't get hung up

2    on reading while I'm speaking, you're going to have a copy of

3    these instructions, so don't feel you have to have them

4    memorized here.

5            Now, the defendant is formally charged in a charging

6    instrument, which in this case is called an indictment.  We're

7    going to give you a copy of the indictment to take back with

8    you into the jury room.

9            As I've instructed you, the indictment is a charge

10   or accusation.  It is not evidence.  This indictment has four

11   counts or charges by which you will be called upon to render a

12   verdict.  Whether you find the defendant guilty or not guilty

13   as to one count, however, should not affect your verdict as to

14   another count.  You have to consider each count separately and

15   return a separate verdict of guilty or not guilty on each

16   count.

17           Now each one of these four charges implicates the

18   concept of knowledge and intent.  As a general rule, the law

19   holds individuals accountable only for conduct in which they

20   intentionally engage.

21           A person acts knowingly if he acts intentionally and

22   voluntarily and not because of ignorance, mistake, accident,

23   or carelessness.  Whether a defendant acted knowingly may be

24   proven by his or her conduct and by all of the facts and

25   circumstances surrounding the case.

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

JURY CHARGE

1    A person acts intentionally when he acts

2    deliberately and purposefully; that is, the defendant's acts

3    must have been the product of his conscious objective rather

4    than the product of a mistake or accident.  It's sufficient

5    that a defendant intentionally engages in conduct which the

6    law forbids.  The government is not required to prove that a

7    defendant is aware of the law that actually forbids his

8    conduct.

9        Now let me instruct you on the law of conspiracy.

10   This applies to Counts One, Two and Three of the indictment.

11   Those are all conspiracy charges.

12       The crime of conspiracy is an independent crime, an

13   entirely separate and different offense from the underlying

14   crime that the defendant is alleged to have agreed to

15   commitment.  Before you may convict the defendant of

16   conspiracy, the following two essential elements must be

17   established beyond a reasonable doubt.

18       First, the government has to prove beyond a

19   reasonable doubt that there was a conspiracy, the conspiracy

20   existed.  And second, the government has to prove that the

21   defendant knowingly and intentionally became a member of that

22   conspiracy.

23       Let me go over each of those two elements in greater

24   detail.

25       The first is that a conspiracy existed.  What is a

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

JURY CHARGE

1    conspiracy?  A conspiracy is an agreement between two or more

2    people to accomplish some unlawful purpose.  The gist or

3    essence of the conspiracy is an unlawful agreement to violate

4    the law.

5            A conspiracy is, therefore, sometimes referred to as

6    a partnership in criminal purpose in which each member of the

7    conspiracy becomes the agent of every other member.  To

8    establish a conspiracy, the government is not required to

9    prove that the coconspirators entered into a solemn formal

10   contract orally or in writing stating that they have formed a

11   conspiracy to violate the law.  The government need only prove

12   beyond a reasonable doubt that two or more persons explicitly

13   or implicitly came to an understanding to achieve the

14   specified unlawful object.

15           Of course, you can find that the existence of an

16   agreement between two or more persons to commit a crime has

17   been established by direct evidence.  But since a conspiracy

18   is by its very nature characterized by secrecy, direct proof

19   may not be available; therefore, you may infer the existence

20   of a conspiracy from the circumstances of the case and the

21   conduct of the parties involved.  In other words, in the

22   context of conspiracy cases, actions may speak louder than

23   words.

24           In determining whether or not the government has

25   proven beyond a reasonable doubt that the charged agreement,

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

JURY CHARGE

1    the conspiracy, existed here, you may consider all the actions

2    and statements of all those who you find to be participants.

3    Ask yourselves whether they were acting together for the

4    accomplishment of the charged criminal purpose.  If they were,

5    this first element is satisfied.  If, however, they were

6    acting together for some purpose unrelated to the underlying

7    crime, even a separate criminal purpose, the government would

8    not have satisfied the first element.

9         It's not necessary for the government to prove that

10   the ultimate objectives of the conspiracy were successfully

11   accomplished.  It's enough if the government has proved that

12   two or more persons, one of whom is the defendant, in any way,

13   expressly or impliedly came to a common understanding to

14   violate the law.  This means that you may find the defendant

15   guilty of conspiracy; in other words, agreeing to commit

16   securities fraud, wire fraud and money laundering, even if you

17   find that the objects of the conspiracy were never actually

18   committed.

19        If upon all the evidence, direct and circumstantial,

20   you're satisfied beyond a reasonable doubt that the minds of

21   at least two of the alleged conspirators met, and that they

22   agreed to work together to accomplish the object of the

23   conspiracy charged in the indictment, then the first element,

24   the existence of the conspiracy, has been established.  If,

25   however, you find that the government has not proven beyond a

JURY CHARGE

1   reasonable doubt that the conspiracy charged in the indictment

2   did exist, then you have to find the defendant not guilty.

3        Now, the second element that the government has to

4   prove beyond a reasonable doubt is that the defendant

5   knowingly and willfully became a member of the charged

6   conspiracy.  An individual may become a member of a conspiracy

7   without full knowledge of all the details or the scope of the

8   conspiracy, or the identities of each and every member of the

9   conspiracy.  On the other hand, a person who has no knowledge

10  of the conspiracy but happens to act in a way which furthers

11  some objective or purpose of the conspiracy, does not thereby

12  become a conspirator.

13       Moreover, mere association by a defendant with a

14  conspirator does not make the defendant a member of the

15  conspiracy, even if he knows of the conspiracy.  In other

16  words, knowledge isn't enough, the defendant himself must

17  intentionally participate in the conspiracy with the purpose

18  of helping to achieve at least one of its unlawful objects.

19       However, the extent of a defendant's participation

20  in a conspiracy has no bearing on the issue of guilt.  Some

21  conspirators might play major roles, others may play minor

22  roles.  An equal role is not what the law requires.

23       Before you find that the defendant was a member of a

24  conspiracy, the evidence in the case must show beyond a

25  reasonable doubt that the conspiracy was knowingly formed, and

JURY CHARGE

1    that the defendant willfully participated in the unlawful plan

2    with the intent to advance or further some objective or

3    purpose of the conspiracy.

4         Now, you will see, as I continue with these

5    instructions, that some kind of conspiracy charges require

6    proof of an additional element, others don't, but all of them

7    have at least these two elements that I've just explained to

8    you in common; that is the existence of a conspiracy and the

9    defendant's willing participation in it.

10        Let me now turn to the specific counts in the

11   indictment.  Remember, again, you have to consider each count

12   separately.  I'm going to give you a verdict form which

13   there's a separate finding for each count.

14        Count One of the indictment charges the defendant

15   with conspiracy to commit securities fraud.  Specifically,

16   Count One alleges, in relevant part, that between

17   December 2009 and April 2011, the defendant, together with

18   others -- is that right?  Between December 2009 and April of

19   2015, the defendant, together with others, conspired to use

20   and employ manipulative and deceptive devices by:  A,

21   employing one or more devices, schemes, and artifices to

22   defraud; B, making one or more untrue statements of material

23   fact and omitting to state one or more material facts

24   necessary in order to make the statements made in light of the

25   circumstances under which they were made, not misleading, and;

JURY CHARGE

1   C, engaging in one or more acts, practices and courses of

2   business which would and did operate as a fraud and deceit

3   upon one or more investors and potential investors in

4   ForceField in connection with the purchase and sale of

5   investments in ForceField, directly and indirectly, by use of

6   means and instrumentalities of interstate commerce and the

7   mail.

8           Now that's a mouthful, ladies and gentlemen, I'm

9   going to break it down for you.

10          First, the relevant statutes that we're talking

11  about are the general conspiracy statute, that's in

12  Section 371 Title 18 of the U.S. Code, and that statute states

13  simply, if two or more persons conspire either to commit any

14  offense against the United States, and one or more of such

15  persons do any act to affect the object of the conspiracy,

16  each shall be punished or shall be guilty of a crime.

17          The other statute is Section 78j(b) of Title 15 of

18  the U.S. Code, which says that it shall be unlawful for any

19  person, directly or indirectly, by use of any means or

20  instrumentality of interstate commerce, or of the mails, or of

21  any facility of any national securities exchange, to use or

22  employ, in connection with the purchase or sale of any

23  security, any manipulative or deceptive device or contrivance.

24          In order to prove that the defendant committed the

25  crime charged in Count One, the government must prove each of

JURY CHARGE

1   the following elements beyond a reasonable doubt:

2          First, that a conspiracy to commit securities fraud

3   existed.

4          Second, that the defendant knowingly and

5   intentionally became a member of the conspiracy.  Those are

6   the first two elements of all conspiracies that I just

7   explained to you.

8          And third, that an overt act occurred; that is,

9   someone within the conspiracy took some action that advanced

10  the goals of the conspiracy.

11         As to the second and third elements -- I'm sorry, as

12  to the first and second elements, I just told what you it

13  means to conspire.  Those instructions apply to this count.

14         The third element is that an overt act occurred;

15  that is, someone within the conspiracy took some action that

16  advanced the goals of the conspiracy.

17         Now the indictment alleges the following overt acts.

18  The first overt act alleged is that on or about September 6th,

19  2010, Richard St Julien caused ForceField to enter into a

20  finder's fee agreement with AOHC.

21         Next, another overt act, in or around July 2012,

22  Mr. Petrossi gave a presentation recommending the purchase of

23  ForceField stock to attendees of an investor conference during

24  which he stated, "I don't recommend anything that I don't

25  invest at least a hundred thousand of my own money, and I

JURY CHARGE

1  invest usually from a hundred thousand up to a million

2  dollars."

3          Third overt act.  On or about September 9, 2013,

4  Christopher Castaldo sent an email to Richard St Julien

5  stating "Amazing, when we don't work, you barely trade.  Call

6  me when you were in New York, we don't work for free."

7          Forth overt act.  On or about August 29th, 2014,

8  Mr. Petrossi sent an email to Richard St Julien in which he

9  stated that we took in more than $200,000 at two investor

10  conferences.

11          Fifth overt exact.  On or about September 22nd,

12  2014, Mr. Petrossi sent a text message to Richard St Julien in

13  response to a request by Richard St Julien to purchase

14  ForceField shares, in which he stated, "I will go to the bank

15  be get 5K, does that help?  I'm going to buy 1,000 shares

16  within the hour."

17          To satisfy this third overt act element, the

18  government has to prove beyond a reasonable doubt that at

19  least one of the conspirators, not necessarily the defendant,

20  committed at least one overt act alleged in the indictment for

21  the purpose of furthering some objective of the conspiracy.

22  For the government to satisfy this element, it's not required

23  to prove all of the overt acts that I just read to you, or

24  that any particular overt act was committed at precisely the

25  time alleged in the indictment, nor do you all have to agree

JURY CHARGE

1   on the same overt act.  It's sufficient if each one of you is

2   convinced beyond a reasonable doubt that at least one overt

3   act occurred, and that it occurred at about the time and place

4   stated.

5          In other words, for this conspiracy charge, there

6   has to be something more than an agreement, some overt step or

7   action must have been taken by the defendant, or one of the

8   conspirators in furtherance of the conspiracy.

9          The overt act element, to put it another way, is a

10  requirement that the agreement went beyond the mere talking

11  and agreement stage.  Bear in mind, however, that the overt

12  act standing alone may be an innocent lawful act.  Frequently,

13  however, an apparently innocent act sheds its harmless

14  character if it is a step in carrying out, promoting, aiding

15  or assisting the conspiratorial scheme; therefore, you're

16  instructed that the overt act does not have to be an act which

17  in and of itself is criminal or constitutes an objective of

18  the conspiracy.

19         Similarly, it's not necessary for the government to

20  prove that each member of the conspiracy committed or

21  participated in the overt act.  It's sufficient if you find

22  that at least one overt act was, in fact, performed by at

23  least one conspirator, whether the defendant or another

24  coconspirator, to further the conspiracy within the time frame

25  of the conspiracy.

JURY CHARGE

1      Now, in order for you to determine whether the

2  government has proven the charge of conspiracy in Count One, I

3  need to explain the substantive crime of securities fraud.

4      So the claim, ladies and gentlemen, is for

5  conspiracy, but a claim is that the conspirators were seeking

6  to commit the substantive crime of securities fraud.  So for

7  you to determine whether a conspiracy has been proven, I now

8  need to tell you what a securities fraud is.

9      Remember, therefore, that as to this count, the

10  issue is not whether the defendant actually committed a

11  securities fraud, rather the issue is whether he entered into

12  a conspiracy to commit a securities fraud.

13      To prove the substantive crime of securities fraud,

14  the government has to establish each of the following elements

15  beyond a reasonable doubt:

16      First, that in connection with the purchase or sale

17  of a security, the defendant did any one or more of three

18  unlawful acts.  I'm going to call these going forward "three

19  unlawful acts."  They are as follows:

20      One, employed a device, scheme or artifice to

21  defraud, or;

22      Two, made an untrue statement of a material fact or

23  omitted to state the material fact which made what was said

24  under the circumstances misleading, or;

25      Three, engaged in an act, practice, or course of

JURY CHARGE

1   business that operated or would operate as a fraud or deceit

2   upon a purchaser or a seller.

3          Second, that the defendant acted willfully,

4   knowingly, and with the intent to defraud.

5          And third, that the defendant knowingly used or

6   caused to be used any means or instruments of transportation

7   or communication in interstate commerce, or the use of the

8   mails in furtherance of the fraudulent conduct.

9          Let me go over those one at a time.  As I just

10  explained to you, the first element that the government would

11  have to prove beyond a reasonable doubt to prove a securities

12  fraud is that in connection with the purchase of a sale of a

13  security, the defendant did any one or more of the three

14  unlawful acts.  The government doesn't need to prove all three

15  of the unlawful acts, any one will be sufficient to satisfy

16  this element if you find that the defendant committed it.  But

17  here, you have to be unanimous as to which unlawful act the

18  government has proven beyond a reasonable doubt.  You all have

19  to agree on the same unlawful act, and if you can't, then the

20  defendant is not guilty.

21         A device, scheme or artifice to defraud is merely a

22  plan for the accomplishment of any objective.  Fraud is a

23  general term which engraces all efforts and means that

24  individuals devise to take advantage of others.

25         The law which the defendant is alleged to have

JURY CHARGE

1    violated prohibits all kinds of manipulative and deceptive

2    acts.  Among these acts is orchestrating or manipulating

3    trading in securities.  The essential element of manipulation

4    is the deception of investors, deceiving them into believing

5    that prices at which they purchased and sell securities are

6    determined by the natural interplay of supply and demand.

7    Consequently, any conduct that's designed to deceive or

8    defraud investors by controlling or artificially affecting the

9    price of securities is prohibited.  Market manipulation may be

10   accomplished through a variety of means or ways undertaken

11   either alone or in combination.

12          Now you need not find that the defendant actually

13   participated in any securities transaction if the defendant

14   was engaged in fraudulent conduct that was in connection with

15   a purchase or a sale.  The in connection with aspect of this

16   element is satisfied if you find that there was some nexus or

17   relation between the allegedly fraudulent conduct and the sale

18   or purchase of securities.  Fraudulent conduct may be in

19   connection with the purchase or sale of securities if you find

20   that the fraudulent conduct touched upon a securities

21   transaction.

22          It's not necessary for you to find that the

23   defendant was the actual seller or offerer of the securities,

24   however you must find that the defendant participated in the

25   scheme of fraudulent conduct that involved the purchase or

JURY CHARGE

1    sale of stock.

2          With regard to the alleged misrepresentations and

3    omissions, you must determine whether the statement was true

4    or false when it was made.  And in the case of alleged

5    omissions, whether the omission was misleading.  If you find

6    that the government has established beyond a reasonable doubt

7    that a statement was false or omitted, you must next determine

8    whether the fact was stated was material under the

9    circumstances.

10         A material fact is one that would have been

11   significant to a reasonable investor's investment decision.

12   Now, in order for you to find that a misrepresentation was

13   material, the government must prove beyond a reasonable doubt

14   that there was a substantial likelihood that the misstated

15   fact would have been viewed by the reasonable investor as

16   having significantly altered the total mix of information

17   available.  To significantly alter the total mix of

18   information available, means to meaningfully affect a

19   reasonable investor's consideration about whether they should

20   buy or sell and at what price.  However, to be material, a

21   misstatement need not determine any particular outcome.

22         In determining whether any false or omitted

23   statement is material, you may consider any contract that a

24   witness has signed.  Now this is not to say that the

25   government must prove that the misrepresentation would have

JURY CHARGE

1   deceived a person of ordinary intelligence.  Once you find

2   that there was material misrepresentation or omission of

3   material facts, it does not matter whether the intended

4   victims were gullible buyers or sophisticated investors

5   because the securities laws protect the gullible and

6   unsophisticated as well as the experienced investor.  Nor does

7   it matter whether the alleged unlawful conduct was successful

8   or not, or that the defendant profited or received any

9   benefits as a result of the alleged scheme.  Success is not an

10  element of the crime charged.  However, if you find that the

11  defendant did profit from the alleged scheme, you may consider

12  that in relation to the third element of intent, which is what

13  I'm going to cover next.

14         Not next, the one after the second element.

15         The second element that the government has to prove

16  beyond a reasonable doubt is that the defendant participated

17  in the scheme to defraud knowingly, willfully, and with the

18  intent to defraud.

19         Now I've already explained to you what it means to

20  act knowingly.  Willfully means to act knowingly and

21  purposefully with an intent to do something that the law

22  forbids.  In determining whether the government acted

23  willfully, the government is not required to establish that

24  the defendant knew he was breaking any particular law or rule.

25         In the context of securities laws, with the intent

JURY CHARGE

1    to defraud, means to act knowingly and with an intent to

2    deceive.  The question of whether a person acted knowingly

3    willfully and with the intent to defraud is a question of fact

4    for you to determine like any other fact question.  This

5    question involves a person's state of mind.

6            Direct proof of knowledge and fraudulent intent is

7    almost never available to demonstrate someone's state of mind.

8    It would be a rare case where it could be shown that a person

9    wrote or stated that at a given time in the past he committed

10   an act with fraudulent intent.  Such direct proof is not

11   required.  The ultimate fact of knowledge and criminal intent,

12   though subjective, may be established by circumstantial

13   evidence based on a person's outward manifestations, his

14   words, his conduct, his acts and all the surrounding

15   circumstances disclosed by the evidence and a rational or

16   logical inferences that may be drawn from that.

17   Circumstantial evidence if believed is of no less value than

18   direct evidence.

19           Since an essential element of the crime charged is

20   intent to defraud, it follows that good faith on the part of

21   the defendant is a complete defense to a charge of securities

22   fraud.  The defendant, however, has no burden to establish a

23   defense of good faith.  The burden is on the government to

24   prove fraudulent intent and consequent lack of good faith

25   beyond a reasonable doubt.  A belief by the defendant that

JURY CHARGE

1    ultimately everything would work out so that no one would lose

2    any money does not require that you find he acted in good

3    faith.  No amount of honest belief on the part of a defendant

4    that the scheme will ultimately make a profit for the

5    investors will excuse fraudulent actions or false

6    representations by him to obtain money.

7            The government may prove that the defendant acted

8    knowingly in either of two ways.  First, it's sufficient that

9    the evidence satisfies you beyond a reasonable doubt that the

10   defendant was actually aware he was making or causing a false

11   statement to be made.

12           Knowledge may be found from circumstances that would

13   convince an average ordinary person.  Thus, you may find that

14   the defendant knew that the statement was false if you

15   conclude that he made it with a deliberate disregard of

16   whether it was true or false and with a conscious purpose to

17   avoid learning the truth.  Guilty knowledge, however, cannot

18   be established by demonstrating mere negligence or foolishness

19   on the part of the defendant.

20           Now, the third and final element that the government

21   has to prove beyond a reasonable doubt is that the defendant

22   knowingly used or caused to be used the mails or any means or

23   instrumentalities of transportation or communication in

24   interstate commerce, including telephones in furtherance of a

25   scheme to defraud.

JURY CHARGE

1    It's not necessary that a defendant be directly or

2 personally involved in any mailing, emailing, telephone calls

3 or telephone messages.  If the defendant was an active

4 participant in the scheme and took steps or engaged in conduct

5 which he knew or reasonably could have foreseen would

6 naturally and probably result in the use of the mails or the

7 internet or telephone lines, then you may find that he caused

8 the mails or these other instrumentalities of interstate

9 commerce to be used.  When one does an act with the knowledge

10 that the use of interstate means or communication will follow

11 in the ordinary course of business, or where such use

12 reasonably can be foreseen, even though not actually intended,

13 then he causes such means to be used.

14    It's not necessary that the items sent through the

15 mails or over the internet or communicated by telephone

16 contain the fraudulent material or anything criminal or

17 objectionable.  The matter mailed or communicated by telephone

18 may be entirely innocent.

19    The use of telephones, the internet or the mail need

20 not be central to the execution of the scheme and may even be

21 incidental to it.  All that is required is that the use of the

22 telephones, the internet or the mail bears some relation to

23 the object of the scheme or fraudulent conduct.  In fact, the

24 actual offer or sale need not be accomplished or accompanied

25 by the use of telephone or internet or the mail so long as the

JURY CHARGE

1    defendant is still engaged in actions that are part of a

2    fraudulent scheme.

3         I remind you that Count One does not allege that a

4    securities fraud was actually committed, and the government

5    does not need to prove that a securities fraud was committed

6    or attempted for you to find the defendant guilty of this

7    count.  Rather, Count One charges the defendant with

8    conspiring to commit securities fraud.

9         All right, we're getting there, ladies and

10   gentlemen, this is Count Two we're now going to talk about.

11        That charges the defendant with conspiracy to commit

12   a wire fraud.  Specifically it alleges in relevant part that

13   between December 2009 and April 2015, the defendant, together

14   with others, conspired to device a scheme and artifice to

15   defraud investors and potential investors in ForceField, and

16   to obtain money and property from them by using materially

17   false and fraudulent pretenses, representations and promises,

18   and for the purpose of executing such a scheme and artifice to

19   transmit and cause to be transmitted by means of wire

20   communication in interstate and foreign commerce writings,

21   signs, signals, pictures and sounds.

22        Now, the relevant statute for this is Section 1349

23   under Title 18 of the U.S. Code.  It states that any person

24   who attempts or conspires to commit wire fraud shall have

25   committed a crime, an offense.