```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
                        v.                                      :
                                                                :
JEAN BOUSTANI,                                                  :
                                                                :
                        Defendant.                              :
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 08 2019 ★
BROOKLYN OFFICE

**DECISION & ORDER**
18-CR-681-1 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is the Government's motion *in limine* to preclude Jean Boustani ("Defendant") from introducing evidence concerning: (1) the circumstances of his arrival in the United States; and (2) certain unrelated non-fraudulent acts. *See* ECF No. 180 ("Gov't Mem."). Defendant opposes. *See* ECF No. 193 ("Def. Mem."). For the reasons set forth below, the Government's motion is **DENIED**.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying factual allegations in this case. Briefly, on August 16, 2019, the Government filed a Superseding Indictment against Jean Boustani ("Defendant") and five other co-defendants. *See* Superseding Indictment ("S-1"), ECF No. 137. The Superseding Indictment charges Defendant with wire fraud conspiracy, in violation of 18 U.S.C. §§ 1349 and 3552 *et seq.*, securities fraud conspiracy, in violation of 18 U.S.C.§§ 371 and 3352 *et seq.*, and money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h) and 3552 *et seq. Id.* On September 13, 2019, the Government filed a motion *in limine* to preclude Defendant from introducing evidence concerning the circumstances of his arrival in the United States and certain unrelated non-fraudulent acts. *See* Gov't Mem. Defendant opposed. *See* Def. Mem.

1

## DISCUSSION

### I. Evidence and Arguments Regarding Defendant's Arrival in the United States

First, the Government argues under Federal Rules of Evidence 401 and 403 the Court should preclude Defendant from arguing to the jury he was forcibly transferred here by the Government because that fact is incorrect, irrelevant, highly prejudicial, and invites jury nullification. *See* Gov't Mem. at 1-3.

Rule 401 defines evidence as "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Rule 403, a court may exclude evidence even if it is relevant "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government contends "[a]ll evidence or argument concerning the reasons for or timing of the defendant's arrest is irrelevant to the issues at trial, and would serve no purpose other than to evoke sympathy from the jury and distract the jury from evidence of the defendant's guilt or . . . to encourage jury nullification." Gov't Mem. at 2. Moreover, according to the Government, "any conceivable probative value of such evidence would be substantially outweighed by the unfair prejudice of such a ploy for sympathy." *Id.* Defendant, on the other hand, argues the evidence is relevant: (1) "to demonstrate that he never targeted the United States"; and (2) as appropriate impeachment evidence. Def. Mem. at 3-5.

The Court agrees with Defendant the evidence is relevant, and its probative value outweighs any risk of prejudice to the Government's case. The Superseding Indictment includes allegations Defendant and his co-conspirators targeted investors within the United States to

commit the alleged crimes. *See* S-1 ¶¶ 52, 71-72, 82, 88 (alleging Defendant and co-conspirators used U.S.-based wires to make materially false statements to investors and potential investors in the United States to induce their investment in the Proindicus, EMATUM, and MAM loans, and in connection with the EMATUM LPN to Eurobond exchange). Defendant is entitled to combat these allegations, and as Defendant notes, "the fact that he never voluntarily set foot in the United States is probative of" whether or not he targeted the United States. Def. Mem. at 3-4.

In any event, the evidence and argumentation is also relevant for the purposes of impeachment. Defendant points to a series of text messages between witnesses in which one of them states: "Just heard that JB was picked up in Dominican republic and is being extradited to USA. Not good news. Suggest you alert your respective lawyers. I'm free to chat." *See id.* at 4; Def. Mem. Ex. C, ECF No. 193-3. As Defendant argues, these contemporaneous statements are pertinent to the witnesses' fear of extradition and thus go directly to the bias of both witnesses. *See* Def. Mem. at 4. "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Thus, should one or both of these witnesses testify, Defendant is entitled to present this proof and to argue to the jury the witnesses are biased.

The Court is mindful of the risk of prejudice this evidence and argumentation presents to the Government's case by way of sympathy and the potential for jury nullification. It finds, however, any such risk does not outweigh the probative value of the evidence and argumentation in question. Furthermore, the Court will instruct the jury it is not to be swayed by sympathy in arriving at its verdict. *See Int'l Bus. Mach. Corp. v. BGC Partners, Inc.*, 10-CV-128, 2013 WL 1775437, at *8 (S.D.N.Y. Apr. 25, 2013) (Crotty, J.) (noting "jury instructions explaining that

sympathy cannot be the basis for the verdict can ameliorate" prejudice from sympathy (internal quotation marks, alterations, and citation omitted)). This finding "accords with the almost invariable assumption of the law that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

The Government's motion to preclude evidence and argumentation regarding Defendant's arrest is thus denied.

## II.  Evidence Regarding Defendant's Purported Non-Fraudulent Acts

Second, the Government argues pursuant to Rules 403, 404(b), and 405 of the Federal Rules of Evidence, the Court should preclude Defendant from offering evidence he or his employer, Privinvest, engaged in other non-fraudulent business activities in other countries because it is irrelevant and inadmissible character evidence. *See* Gov't Mem. at 3-5.

Rule 404(b) prohibits parties from introducing "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, as a general matter, "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990); *see also United States v. Nekritin*, 10-CR-491, 2011 WL 2462744, at *5 (E.D.N.Y. June 17, 2011) (Matsumoto, J.) ("Evidence that a defendant charged with fraud engaged in other, non-fraudulent activity is generally irrelevant."). That said, "the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when a prosecutor uses such evidence as a sword." *United States v. Aboumoussallem*, 726 F.2d 906, 911 (2d Cir. 1984). Indeed, other-act evidence is admissible under Rule 404 (b) if it: (1) is used for a proper purpose, such as establishing motive or intent; (2) is relevant to a material issue in dispute; (3) satisfies the probative-prejudice

balancing test of Rule 403; and (4) the trial court gave an appropriate limiting instruction upon the defendant's request. *United States v. Scott*, 677 F.3d 72, 79-82 (2d Cir. 2012) (citing *Huddleston v. United States*, 485 U.S. 681 (1988)). If other-act evidence is admissible, Rule 405 allows for general testimony from a character witness about his reputation for a "pertinent trait of character," or a witness's opinion of the defendant with regard to that trait; testimony establishing specific acts in conformity with that trait when it is not an essential element of the crime is not permitted.

The Government contends the Court should preclude the introduction of Defendant's marked exhibits DX-4 and DX-6, which relate to maritime projects in Namibia, and evidence of other "prior purportedly non-fraudulent acts, including evidence related to other projects or potential business that he engaged in while at his employer." Gov't Mem. at 5. This evidence, the Government argues, is impermissible character evidence under Rules 404(b) and 405 and should also be precluded as prejudicial pursuant to Rule 403. *Id.*

Defendant, on the other hand, argues he has no intention of offering evidence of these prior acts to prove he acted in conformity with those acts. Def. Mem. at 1. Rather, Defendant intends to introduce DX-4, DX-6, and other background evidence: (1) to establish his lack of intent to defraud; (2) to disprove the Government's allegations in paragraph 32 of the Superseding Indictment; and (3) to combat the Government's allegations he and his co-conspirators designed maritime projects as "vehicles and fronts to raise as much money as possible to enrich themselves." *Id.* at 1-3 (citing S-1 ¶ 25).

The Court finds the evidence in question, DX-4 and DX-4, is proper, and its probative value of Defendant's intent to defraud outweighs any potential prejudice to the Government's case. As Defendant argues, evidence Defendant was pitching similar projects to other countries

at the same time period alleged in the Superseding Indictment is probative of the fact he wanted those projects in general to succeed and to generate revenue. If Defendant's projects in Mozambique failed, it would have been more difficult for Defendant and his employer to market their services to other countries. The jury can infer from this contemporaneous evidence that Defendant desired for the projects to succeed and lacked the requisite intent to defraud. *See United States v. Marlinga*, 457 F. Supp. 2d 769, 775-76 (E.D. Mich. 2006) (holding a defendant charged with bribery and wire fraud could introduce evidence of prior instances in which he performed acts similar to those alleged in the indictment and received no bribes because it was probative of his intent and state of mind).

Moreover, DX-4 and DX-6 are probative of the Government's allegations in paragraph 32 of the Superseding Indictment. Paragraph 32 alleges "[b]eginning in or about 2011, [D]efendant, through discussions with Teofilo Nhuangumele arranged by Privinvest Co-Conspirator 1, attempted to persuade Mozambican government officials to establish a coastal monitoring system through a contract with Privinvest." S-1 ¶ 32. DX-4 and DX-6 are email exchanges between Defendant and Basetsana Thokoane, a South African agent later identified as "Privinvest Co-Conspirator 1," who reached out to Defendant to build a coastal defense system in Namibia.

Lastly, Defendant may introduce general background evidence about the maritime projects on which he and his employer worked in light of the Government's allegations he and his co-conspirators designed them as "vehicles and fronts to raise as much money as possible to enrich themselves." S-1 ¶ 25. The legitimacy of Defendant's work at Privinvest is directly at issue in this case, and the jury should have a general understanding of the business Defendant and Privinvest conducted in southern Africa. *Cf. United States v. Blackwell*, 853 F.2d 86, 88 (2d

6

Cir. 1988) (noting "the trial court is entitled to wide discretion concerning the admissibility of background evidence").

Accordingly, the Court finds the other-act evidence in question is proper, and its probative value outweighs the risks of jury confusion, misleading the jury, wasting time, and prejudice in this case. The Government's motion to preclude evidence regarding Defendant's other acts is therefore denied.

## CONCLUSION

For the reasons discussed herein, the Court DENIES the Government's motion, ECF No. 180, to preclude Defendant from introducing evidence concerning the circumstances of his arrival in the United States and evidence concerning certain unrelated non-fraudulent acts.

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 8, 2019
       Brooklyn, New York

7