DCP:MEB/HDM/MAM/KN
F. #2016R0695

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                          Docket No. <u>18-CR-681 (S-1) (WFK)</u>

JEAN BOUSTANI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X


<u>THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS, AND
LIST OF PERSONS, ENTITIES AND LOCATIONS</u>


RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201


Mark E. Bini
Hiral D. Mehta
Assistant United States Attorneys

Margaret A. Moeser
Katherine Nielsen
Trial Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The following is the government's proposed voir dire and list of persons, entities and locations.

STATEMENT OF THE CASE

In this criminal case, United States v. Jean Boustani, the Indictment charges the defendant with conspiring (or agreeing) with others to participate in a scheme to defraud investors in approximately $2 billion in loans and laundering the loan proceeds. The Indictment alleges that the defendant, a salesperson for Privinvest, a shipbuilding company, procured contracts to sell ships and related equipment to three companies that were owned by the Republic of Mozambique by making improper payments to Mozambican officials. The Indictment also alleges that the defendant helped obtain loans from banks to those Mozambican companies by making improper payments to bankers at those banks. The Indictment also alleges that those loans were sold to investors around the world, including investors in the United States, and that the loans were wired from and through United States banks. The Indictment further alleges that the defendant laundered the loan money through United States banks.

Specifically, Count One charges the defendant with conspiring – or agreeing – to participate in a wire fraud scheme between approximately 2011 and 2018 to defraud investors and potential investors in loans made to the Mozambican companies I previously referenced. Count Two charges the defendant with conspiring – or agreeing – to participate in a securities fraud scheme between approximately 2013 and 2018 to defraud investors and potential investors in one of the loans made to a Mozambican company, as well as investors' exchange of those securities for bonds from the Republic of Mozambique in 2016. Count Three does not involve the defendant. Count Four charges the defendant with conspiring – or agreeing – to participate in laundering money between approximately 2013 and 2018 from the wire fraud and securities fraud schemes

charged in Counts One and Two, as well as laundering money from violations of Mozambican bribery law and the United States Foreign Corrupt Practices Act.  This is just a summary of the charges to give you some background on the case.  The Court will instruct the jury as to the elements of the crimes charged and the applicable law at a more appropriate time during trial.  A few basic principles of law bear mention now.

The Indictment is simply the means by which the government gives the defendant notice of the charges against him and brings them before the court.  The Indictment is merely an accusation, and nothing more.  It is not evidence and is not to be considered by the jury in arriving at a verdict.   In response to the indictment, the defendant pleaded "not guilty."  The defendant is presumed innocent until the jury unanimously decides the government has proven his guilt beyond a reasonable doubt.

<u>PROPOSED VOIR DIRE REQUESTS</u>

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court, in addition to the Court's usual voir dire, ask the following questions in jury selection for this case:

1.    As an initial matter, have you heard or read anything about this case?  If yes, have your formed an opinion about the case?

2.    Have you or a family member or close friend ever worked in: (a) the financial industry; or (b) law enforcement?

3.    Have you, or any family member or close friend, ever worked for a lawyer or law firm, or for a court?  Have you, or any family member or close friend, ever worked for a prosecutor's office?  Have you, or any family member or close friend, ever worked for a criminal defense attorney or private investigator?

3

4.      You will hear testimony during the trial from members of law enforcement and regulators (e.g., the Federal Bureau of Investigation).  Because a witness may be a government employee or member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she is a government employee.  You should consider the testimony of members of law enforcement just as you would consider any other evidence in the case and evaluate their testimony just as you would that of any other witness.  Would you have any difficulty following this rule?

5.      Have you ever had any negative experiences and/or disputes with anyone involved in law enforcement or regulatory agencies?

6.      Do you or a family member or close friend regularly invest in the stock market?  The bond market?

7.      Do you have a financial advisor who manages your assets?

8.      You will hear testimony during this trial from witnesses who have pled guilty to one or more crimes, and have entered into an agreement with the government to testify.  Under the terms of such an agreement the government has agreed to bring the witness's cooperation to the attention of the sentencing judge by writing a letter.  Based on that letter, the judge might impose a sentence on the cooperating witness which is less than he would otherwise have received.  The government is permitted to enter into these kinds of agreements.  The jury may take the terms of such agreements into account, together with the other factors which bear on the issue of credibility, in evaluating the witness's testimony.  Is there anything about the fact that witnesses will testify pursuant to such agreements that would prevent you from being a fair and impartial juror in this case?

4

9.      You will hear testimony regarding maritime projects in the country of Mozambique in Africa.  Do you have any strongly held opinions or feelings about people from Mozambique or from Africa more generally?  As a result, would you be unable to render a fair and impartial verdict?

<u>LIST OF NAMES AND PLACES</u>

1.      Is anyone familiar with any of the following individual or locations?  If so, how?

A.      <u>Defendants and Defense Counsel</u>

1.      Jean Boustani, also known as "Jean Boustany"

2.      Michael S. Schachter, Esq.

3.      Randall W. Jackson, Esq.

4.      Casey E. Donnelly, Esq.

5.      Philip DiSanto, Esq.

6.      Daniel M. Gitner, Esq.

B.      <u>Seated at the Government's Table</u>

1.      Assistant U.S. Attorney Mark E. Bini

2.      Assistant U.S. Attorney Hiral D. Mehta

3.      Trial Attorney Margaret A. Moeser

4.      Trial Attorney Katherine Nielsen

5.      Special Agent Angela Tassone, Federal Bureau of Investigation

6.      Special Agent Fatima Haque, Federal Bureau of Investigation

7.      Paralegal Specialist Lillian DiNardo

8.      Paralegal Specialist Lucius Jackson

C.     Names of People Relevant to the Case

     1.     Najib Allam

     2.     Christopher Balster

     3.     Francisco Baron

     4.     Eric Baurmeister

     5.     Victoria Buck

     6.     John Buggenhagen

     7.     Andrew Burton

     8.     Michael Carney

     9.     Manuel Chang

     10.     Antonio Do Rosario

     11.     Marissa Drew

     12.     Steven Ebbro

     13.     Anthony English

     14.     Michael Formosa

     15.     Joseph Grise

     16.     Arif Joshi

     17.     Daniel Jurkowicz

     18.     Jason Kaplan

     19.     Cicely Leemhuis

     20.     Pavel Lvov

     21.     Sean Mossman

22.     Teofilo Nhangumele

23.     Aneesh Partap

24.     Peter Papazoglou

25.     Andrew Pearse

26.     William Perry

27.     Jonathan Polonitza

28.     John Rabena

29.     John Rubino

30.     Nicholas Sagna

31.     Nathan Sandler

32.     Marco Santamaria

33.     Dominic Schultens

34.     Stuart Sclater-Booth

35.     Janssen Sinanan

36.     Surjan Singh

37.     Karl Snow

38.     Wendy Spaulding

39.     Detelina Subeva

40.     Sahil Tandon

41.     Peter Kuhn

42.     Johan Valentijn

43.     Stanley W. Bryant

44.     David C. Hinman

45.    Chudozie Okongwu

46.    Malene McMahon

47.    Sleiman Lebbos

48.    Robert Philippa

49.    Farrell Binder

50.    Allison Kirshner

D.    Countries, Entities

1.    Mozambique

2.    Privinvest

3.    Abu Dhabi Mar

4.    Logistics International

5.    Palomar

6.    Credit Suisse

7.    VTB

8.    Proindicus, S.A.

9.    EMATUM

10.    Mozambique Asset Management

The government respectfully requests that the Court include the foregoing during jury selection.  The government also requests permission to supplement or amend this request.

Dated: Brooklyn, New York
       October 8, 2019

                                        Respectfully submitted,


                                        RICHARD M. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York


                        By:      _____/s/_____
                                        Mark E. Bini
                                        Hiral D. Mehta
                                        Assistant United States Attorneys
                                        (718) 254-8761

                                        DEBORAH L. CONNOR
                                        Chief, Money Laundering & Asset Recovery Section
                                        Criminal Division
                                        U.S. Department of Justice


                        By:      _____/s/_____
                                        Margaret A. Moeser
                                        Sean O'Donnell
                                        Trial Attorneys
                                        (202) 598-2345

                                        ROBERT A. ZINK
                                        Chief, Fraud Section
                                        Criminal Division
                                        U.S. Dept. of Justice


                        By:      _____/s/_____
                                        Katherine Nielsen
                                        Trial Attorney
                                        (202) 616-5672

9

cc:    Clerk of Court (WFK) (by ECF)
       All counsel of record (by ECF)