FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

OCT 10 2019

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

    v.

JEAN BOUSTANI,

    Defendant.
-------------------------------------------------------------X

**DECISION & ORDER**
18-CR-681-1 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 13, 2019, the Government filed a motion *in limine* regarding certain statements and exhibits at trial. *See* ECF No. 183 ("Mot."). Specifically, the Government seeks: (a) to preclude certain hearsay statements if offered by Jean Boustani ("Defendant"); (b) to admit statements of Defendant and his co-conspirators if offered by the Government; and (c) to preclude exhibits that are not relevant, cannot be authenticated, or otherwise do not comport with Rules 401 and 403 of the Federal Rules of Evidence. *Id.* at 10. The Government notes, "At this time, the government is not requesting the Court to make a ruling on any particular statement or exhibit the government may offer. Rather, the government writes to set forth its general position as to categories of evidence the government intends to offer at trial." *Id.* at 1. Defendant filed a memorandum in opposition on September 20, 2019. *See* ECF No. 192 ("Opp.").

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on admissibility of certain forecasted evidence." *United States v. Ceballo*, 13-CR-308, 2014 WL 4980554, at *1 (E.D.N.Y. Oct. 6, 2014) (Matsumoto, J.) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Courts should exclude evidence on a motion *in limine* "only when evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001) (Leisure, J.).

Because the trial has not begun, and no testimony or evidence has been presented to the jury, this motion is not ripe for review. At this stage of the proceedings, the Court will not exclude categories of evidence on hearsay grounds because the Court has yet to examine the context in which the evidence will be offered at trial. *See SEC v. Treadway*, 438 F. Supp. 2d 218, 226 (S.D.N.Y. 2006) (Marrero, J.) ("[I]t is premature to bar the testimony on hearsay grounds, as it is unclear at this juncture how the statements will be offered into evidence.") At trial, counsel may make objections to the admission of certain statements and exhibits, and the Court will rule appropriately on those objections if and when they occur at the upcoming trial.

Accordingly, the Government's motion (ECF No. 183) is denied as premature.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 10, 2019
Brooklyn, New York