

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEB/HDM/MM/KN  *271 Cadman Plaza East*
F. #2016R00695  *Brooklyn, New York 11201*

October 11, 2019

By ECF

The Honorable William F. Kuntz, II
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　Re:　United States v. Jean Boustani et al.
　　　　　　　Criminal Docket No. 18-681 (WFK)

Dear Judge Kuntz:

　　　　　The government submits this letter in advance of the final pre-trial conference scheduled for October 11, 2019. As the Court is aware, the parties entered into a non-binding agreement to make best efforts to resolve issues involving exhibits prior to raising them with the Court. Pursuant to that agreement, the government informed the defendant Jean Boustani of the exhibits the government intended to offer the first week of trial. The government's proffered exhibits included approximately 650 email exhibits to be introduced through a witness involved in the fraud scheme and a Federal Bureau of Investigation ("FBI") special agent.[1] In addition, the government included a list of approximately 1,300 business record exhibits and the relevant certified business records from approximately 32 custodians that the government intends to admit in its case under Federal Rules of Evidence 803(6) and 902(11). The government's intention was to move in these business records at the start of trial, based on the certifications, for the sake of efficiency and to not waste the jury and the Court's time with piecemeal record by record admission over the course of the trial.

　　　　　Notwithstanding the government's attempt to move forward expeditiously and efficiently, the defendant makes several objections to the government's certified business records. As discussed below, the defendant's objections are without merit. The defendant also submitted specific objections to certain government exhibits, including emails involving the defendant, co-defendants and co-conspirators. The government will provide a list of responses to these specific objections at the pretrial status conference today. In addition, the government will provide the Court with its specific objections to the defendant's proposed exhibits,

---

[1] The parties had informally discussed that they did not anticipate that they would have challenges to the authenticity of the emails

consistent with the government's motion in limine, see ECF No. 183, which the Court recently denied as premature. See ECF No. 266.

I. **Certified Business Records Are Admissible Without a Custodial Witness**

The defendant asserts the following objections to the government's certified business records: (1) they must be offered by a custodian on the government's witness list to explain their relevance; (2) the wire and correspondent bank records need to be admitted through someone who can explain them because the defendant finds them confusing; (3) wires from Privinvest to various entities and persons must be admitted only after explaining how they are relevant; (4) certain documents, like some emails, are not business records; and (5) that certain foreign business records should be precluded because the timing of the government's notice of these records, which the defendant has had in his possession for several months, has somehow prejudiced the defendant's defense. The defendant's assertions are incorrect.

First, contrary to the defendant's contention, the entire reason for Federal Rule of Evidence 902(11) is to obviate the need for testimony from a custodian or foundation witness. See Fed. R. Evid. 902(11), Ad. Comm. Notes (2000) ("It sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness."). "Rule 902(11) was added to create 'a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'" United States v. Komasa, 767 F.3d 151, 155 (2d Cir. 2014). "When Rule 902(11) was added, Rule 803(6) was also amended so 'that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses.'" Id. (upholding the admissibility of loan files that were admitted by the government on "the day the trial began" as self-authenticating documents). Similarly, the government seeks to admit business records "on the day the trial" begins. These business records, which have all been certified, include the following:

- Investment Bank 1 records. These include, among other things, Proindicus, EMATUM, MAM and Exchange documents such as offering circulars, loan documents, fee letters, utilization requests, and facility agreements; emails and Bloomberg messages from Investment Bank 1 employees sending Proindicus, EMATUM and Exchange documents to investors and potential investors; emails from Investment Bank 1 employees sending Proindicus and EMATUM wire instructions and SWIFT messages; and valuation reports that formed the basis of the Exchange offering. These are all relevant as they relate directly to the Mozambican loans at issue in this case and the charged conduct, as is clear from the Superseding Indictment and many motions. See United States v. Certified Envtl. Servs., Inc., 753 F.3d 72, 90 (2d Cir. 2014) (noting that "the definition of relevance under Fed. R. Evid. 401 is very broad").

- Investment Bank 2 records. These include, among other things, Proindicus, EMATUM, MAM and Exchange documents, such as offering circulars, loan documents, fee letters, utilization requests, and facility agreements,; emails and Bloomberg messages from Investment Bank 2 employees sending Proindicus, EMATUM and Exchange documents to investors and potential investors. These are all relevant, as discussed supra.

2

- <u>Investor records</u>. These include trading data from investors on Proindicus, EMATUM, and the Exchange; and emails and Bloomberg communications confirming trades and receiving Proindicus, EMATUM, and Exchange documents. These documents are relevant because they show which investors purchased and sold the securities at issue, when they did and in what amounts, and also show the wire communications investors received in furtherance of the fraud and money laundering scheme.

- <u>Bank and wire records</u>. These include banking and wire records that show (1) wires from, through and within the United States sending the loan money from Proindicus, EMATUM and MAM to Privinvest and its related companies; (2) wires showing money sent from Privinvest and its related companies to the defendant and co-defendants or co-conspirators through United States banks; (3) wires showing money sent from Privinvest to Mozambican individuals and officials (including under various aliases and shell companies) through United States banks; (4) wires showing investor transfers to, from, or through the United States to fund the loans.

Second, the Court should reject the defendant's contention that wire records cannot be admitted unless explained by a witness. The defendant cites no case where a court has required a witness to explain a certified bank record before admitting it into evidence. Here, the government intends to call a bank representative who will explain some of the certified bank records and a forensic accountant who will present Federal Rule of Evidence 1006 summary charts of certain certified bank records. But neither witness is required to testify before certified bank records, including wires, are admitted. Moreover, the wire records are not confusing. They provide the basic information for any transaction: the date, the amount, the sender and receiver. No witness is required to explain their relevance; the defendant is charged with wire fraud conspiracy and money laundering and the bank records show loan payments to Privinvest and its related companies, and payments by Privinvest and its related companies to the defendant, co-defendants and co-conspirators.

Third, the government is not required to corroborate the wire records before admitting them. As the evidence at trial will show, numerous emails correspond to the wires, revealing the aliases and shell companies being used by co-conspirators to receive bribes from Privinvest. Again, the government does not need to put emails in before having the wires admitted through the business records certifications. The defendant also complains that these are computer-generated records and that the Bank of New York Mellon declaration does not explain how that individual has knowledge of the system. The defendant's complaint is meritless. It is well-settled law that documents "obtained by an automated process do not affect their admissibility" and "custodians need not have personal knowledge of the actual creation of the document" to lay a proper foundation. <u>Komasa</u>, 767 F.3d at 156 (citing <u>Phoenix Assocs. III v. Stone</u>, 60 F.3d 95, 101 (2d Cir. 1995) (internal quotation marks omitted)).

Fourth, with respect to certain emails, the government has further reviewed its documents and will not seek to admit certain exhibits as business records. These exhibits will be identified by number on the chart the government will provide at the pretrial status conference.

Fifth, The defendant objects that the government seeks to admit foreign business records from Investment Bank 1 and Investment Bank 2 pursuant to 18 U.S.C. § 3505, noting that courts have excluded such evidence where the failure to notice the admission of foreign

3

business records prejudiced the defendant. The defendant's objection is without merit, because he certainly was not prejudiced here. The foreign business records the government seeks to admit under 18 U.S.C. § 3505 are a subset of the documents that the government produced to the defendant during discovery from Investment Bank 1 and Investment Bank 2. The defendant has had these records since early this year during the discovery process and has not demonstrated any prejudice; indeed, the defendant is fully immersed in the records, and has often attached them to his filings in this case. The government seeks the admission of these business records, which consist primarily of loan agreements, confidential information memoranda and offering circulars, pursuant to 18 U.S.C. § 3505 in an effort to streamline trial presentation by not wasting valuable Court and juror time with custodian witnesses.

**II.     Conclusion**

For the foregoing reasons, the Court should permit the government to move into evidence certified business records under Federal Rules of Evidence 803(6) and 902(11).

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
Mark E. Bini
Hiral D. Mehta
Assistant U.S. Attorneys
(718) 254-8761 (Bini)

cc:    Clerk of Court (WFK) (by ECF)
       Defense counsel (by ECF)