**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 11, 2019

**BY FEDEX AND ECF**

The Honorable William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Jean Boustani, et al. (Case No. 18-cr-681 (S-1) (WFK))*

Dear Judge Kuntz:

We represent Defendant Jean Boustani in the above-captioned matter. Four days ago, on Monday, October 7, the Government informed us that it intends to move into evidence, after opening statements, and without any witness on the stand, more than 1,100 exhibits, in "batch" form. (*See* Ex. A.) As we understand it, the Government does not intend to permit Your Honor to review these materials before ruling on their admissibility, nor could Your Honor even realistically do so, because the 1,100 exhibits total *more than 1 million pages*—200 bankers boxes filled to the brim. The Government has informed us of its position that these exhibits are subject to the Rule 803(6) hearsay exception because the Government obtained them pursuant to Grand Jury Subpoenas that required the Subpoena recipients to also produce formulaic business record certifications for documents produced in response to the Subpoena. The Government also takes the position that as long as a document is subject to a hearsay exception, it is admissible and the Government is under no obligation to first demonstrate the relevance of the exhibit.

We explained to the Government that admitting, en masse, more than one million pages of exhibits, was improper. (*See* Exs. B and C.) The Government agreed that if it was willing to proceed in a different manner, or was willing to remove any of the exhibits off its list, it would let us know by 5pm last night so that we did not have to brief this issue for the Court. *See* Dkt. 223. Based on the letter filed by the Government this morning, *see* Dkt. 271, we understand the Government intends to proceed largely as planned.

We intend to submit a more detailed brief to the Court this weekend, so that we can properly explain our objections to the Government's approach and to various exhibits that the Government apparently intends to admit. But, in accordance with the parties' agreement, *see* Dkt. 223, we wanted to initially alert to the Court that these issues exist.

U.S. Department of Justice
October 11, 2019
Page 2

   Moreover, as we made clear to the Government in our written letter, *see* Ex. B, and during a meet-and-confer yesterday afternoon, and as our briefing this weekend will further explain, we are not taking the position that the Government can never introduce any of these exhibits. Our objection, or at least our *first* objection, is to the idea of "batch" admission in the first week of trial, especially considering that Your Honor will not even be able to review the offered exhibits.

   The exhibits that the Government intends to "batch admit" without prior review by the Court and without establishing relevance are not just 1,000 different versions of some obviously relevant business record kept in the normal course of business, which the jury will easily be able to comprehend the meaning of by just reading it in the jury room. The "batch" includes hundreds of internal emails from Credit Suisse Europe and VTB, some of which are obviously pertinent but others of which are things like calendar invites for random meetings; intensely complicated "financial models" that Credit Suisse used to evaluate its own profitability from securitizing the debt incurred by the Mozambican Companies, as well as emails among Credit Suisse analysts regarding the assumptions and controls in those profitability models, all of which are fairly incomprehensible; thousands of pages of Bloomberg messages with traders at various asset managers, some who bought the Mozambican Debt Instruments and some who didn't; records of what appears to be every wire transfer that Privinvest made over a five year period, even though Privinvest is a multi-billion dollar company that employed more than 3,000 different people on three different continents and like every company, used wires to conduct entire routine business; spreadsheets of every foreign exchange transaction that Citibank performed over a five year period for hundreds of thousands of people and entities based in the United States and the UAE who have no connection to this case; summary charts that hedge funds produced for the Government in lieu of producing the actual underlying business records, like trade runs, Euroclear delivery instructions, and the like; Credit Suisse's policies and procedures on any number of different topics, including Credit Suisse reputational risk; all of the loan agreements, offering circulars, utilization requests, assignment documents and so on; the "minutes" and financial statements of the Mozambican Companies, some of which have been translated to English and some of which are in Portuguese; Mozambican legislation, in both English and Portuguese; the "valuation report" of the Government's expert, Mr. English; the technical specifications for all of the equipment that Privinvest provided to the Mozambican Companies; as well as many exhibits that say nothing other than "FILE PRODUCED NATIVELY" or which are of such poor quality that the defense cannot read them. The "batch" also includes confidential bank account information of hundreds of thousands of innocent people and entities, which the Government has not bothered to redact and apparently intends to make public.

   This is a lot of material. Mr. Boustani objects to some of this material in its entirety. Other documents are not business records. There are other documents to which Mr. Boustani does not object if the Government were to admit them through a witness who could first explain what the document is and how it is connected to this case. Many of these documents are very long and Mr. Boustani has a 403 objection, but only to a paragraph or two. Our briefing this weekend will attempt to describe our position more specifically for the Court, but we did wish to alert the Court to these issues before the pretrial conference this morning.

U.S. Department of Justice
October 11, 2019
Page 3

Respectfully submitted,

<u>/s/ Michael S. Schachter</u>
Michael S. Schachter
Randall W. Jackson
cc: (by ECF)

AUSA Mark E. Bini
AUSA Hiral Mehta