# WILLKIE FARR & GALLAGHER LLP

MICHAEL S. SCHACHTER
212 728 8102
mschachter@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax:  212 728 8111

October 14, 2019

**BY FEDEX AND ECF**

The Honorable William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *United States v. Jean Boustani, et al. (Case No. 18-cr-681 (S-1) (WFK))*

Dear Judge Kuntz:

We represent Defendant Jean Boustani in the above-captioned matter.  We are writing to respond to the Government's specific objections to our week one non-impeachment exhibits and to provide the Court with further context for how these exhibits will be introduced into evidence.[1]  On October 7, 2019, the Government disclosed that it intends to call Andrew Pearse and Special Agent Jonathan Polonitza as its first two witnesses in this case.  According to the parties' agreement governing witness and exhibit exchanges, the next day we identified 266 non-impeachment exhibits that we may use in cross-examining these two witnesses.  On October 11, 2019, the Government provided the Court with a list of "specific objections" to the non-impeachment exhibits we identified and filed those objections on ECF.

The Government objects to all but 17 of our proposed week one exhibits as hearsay and lacking in foundation.  In addition, for the vast majority of our proposed exhibits, the Government argues that the exhibit cannot be offered because Mr. Pearse and Special Agent Polonitza are not opposing parties whose statements are non-hearsay within Fed. R. Evid. 801(d)(2).  The Government objects to only one document, DX100, as irrelevant pursuant to Fed. R. Evid. 401.

The Government's blanket objections to Mr. Boustani's week one non-impeachment exhibits reflect its persistent misunderstanding about the purposes for which such evidence may be admitted.  The Court has made clear that the Government cannot seek to exclude entire categories of evidence on hearsay grounds without giving the Court an opportunity to "examine the context in which

---

[1]      We are writing separately concerning the Government's attempt to batch introduce business records and expect to file that brief on ECF by the end of the day.

The Honorable William F. Kuntz, II
October 14, 2019
Page 2

the evidence will be offered at trial." (Dkt. 266.)  The mere fact that an exhibit contains an out-of-court statement does not, of course, render that exhibit inadmissible hearsay.  Fed. R. Evid. 802(c)(2) (statement is only inadmissible hearsay if offered to "prove the truth of the matter asserted in the statement").  Mr. Boustani may seek, for example, to introduce exhibits for non-hearsay purposes or to demonstrate the declarant's then-existing state of mind.  The rules of evidence expressly permit Mr. Boustani to introduce exhibits for such purposes.[2]

Mr. Boustani's week one non-impeachment exhibits may all be admissible at trial as either non-hearsay or to demonstrate a declarant's then-existing state of mind.  DX1029, for example, is an email in which Mr. Boustani states in response to a question from Mr. Pearse that certain equipment Privinvest provided to Mozambique would be "revenue generating asset[s]" and would "give confidence to multinationals" in light of a then-developing violent conflict in northern Mozambique.  This statement is relevant to Mr. Boustani's lack of fraudulent intent and would be offered to show Mr. Boustani's then-existing state of mind that the Mozambique projects would be revenue generating and would inspire confidence in the multinational corporations developing natural gas fields in northern Mozambique.  As another example, DX1041 is an email from Mr. Pearse to co-defendant Antonio do Rosario in which Mr. Pearse states that certain decisions by Mozambique's finance minister would "lead to a Sovereign default which should be avoided at all costs."  This statement is also relevant to Mr. Boustani's lack of fraudulent intent and would be offered to show Mr. Pearse's then-existing state of mind that the Government of Mozambique was courting sovereign default by its own financial mismanagement.

The Government has also informed Mr. Boustani that Special Agent Polonitza's testimony will consist of reading certain exhibits into evidence for between one to two days.  In advance of that testimony, the Government disclosed hundreds of emails from which Agent Polonitza will read statements into the record.  Pursuant to Rule 106 of the Federal Rules of Evidence, Mr. Boustani may introduce "any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time" that Special Agent Polonitza reads exhibits to the jury.  Fed. R. Evid. 106; *see also United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987) ("[T]he omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.").  There is a real risk that the jury will be denied a "fair and impartial understanding" of certain emails read by Agent Polonitza by virtue of the Government's careful curation of those exhibits.  For example, the Government appears ready to have Agent Polonitza read an email containing references to the disbursement of "success fees" in connection with

---

[2]     *See, e.g., United States v. DiMaria*, 727 F.2d 265, 270-71 (2d Cir. 1986) (defendant's statement that he "came here to get some cigarettes real cheap," was not hearsay because it was not offered to prove that the cigarettes were in fact "real cheap," but rather to show that defendant thought he was in possession of bootleg cigarettes, which tended to disprove the state of mind required for his conviction for knowing possession of stolen cigarettes); *United States v. Kohan*, 806 F. 2d 18, 22 (2d Cir. 1986) (out-of-court conversation between defendant and codefendant were offered for the fact that codefendant's statements were made and that defendant believed them be true, not for their truth, and thus were admissible as circumstantial, non-hearsay evidence of defendant's state of mind)

The Honorable William F. Kuntz, II
October 14, 2019
Page 3

the development of an EEZ for Mozambique (GX-2007).  But the Government has not disclosed later-in-time emails in the same chain, *e.g.*, DX24, that reflect statements concerning Mr. Boustani's genuine commitment to the success of the Mozambique projects and Privinvest's refusal to pay advance "success fees" to agents in Mozambique.  Without reading these statements into the record, the jury could misunderstand these communications in a manner that will prejudice Mr. Boustani.

Accordingly, we respectfully submit that the Government's attempts to categorically exclude Mr. Boustani's proposed exhibits should be rejected in favor of the Court making informed and contextual evidentiary determinations during trial.

Respectfully submitted,

*/s/ Michael S. Schachter*

Michael S. Schachter
Randall W. Jackson

cc:  (by ECF)

AUSA Mark E. Bini
AUSA Hiral Mehta