UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                  :
                                                           :     **DECISION & ORDER**
                    v.                                     :     18-CR-681-1
                                                           :
JEAN BOUSTANI,                                             :
                                                           :
                    Defendant.                             :
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 12, 2019, the Government filed a letter motion *in limine* seeking to preclude defendant Jean Boustani ("Defendant") from calling witnesses to introduce extrinsic evidence of certain statements reflected in Federal Bureau of Investigation ("FBI") 302 reports. *See* ECF No. 347 ("Mot.") at 1. Defense counsel had provided the Government with a list of twelve statements it intends to elicit through Special Agents Tassone and Haque, alleging these statements are prior inconsistent statements. *Id.* The Government specifically seeks to preclude all but two of those statements because they either contain statements a witness did not dispute or statements a witness did not recall. *Id.* Because those witnesses never denied the statements, in the Government's view, they are not inconsistent and cannot be introduced as extrinsic evidence of a witness's prior inconsistent statements under Federal Rule of Evidence 613(b). *Id.* at 7-8. On November 12, 2019, defense counsel filed a letter in opposition. ECF No. 348 ("Opp."). In Defendant's view, the statements are highly relevant, and the witnesses' repeated failures to recall prior inconsistent statements undermine their credibility. *Id.* at 3-4.

Rule 613(b) of the Federal Rules of Evidence provides, in relevant part, "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an

opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." The threshold question is "whether the proffered statement in fact is inconsistent with the testimony sought to be impeached," and "whether there is any variance between the statement and the testimony that has a reasonable bearing on credibility." *United States v. Ghailani*, 761 F. Supp. 2d 114, 117-18 (S.D.N.Y. 2011) (Kaplan, J.) (internal edits omitted). "[I]n certain circumstances, a witness's failure to recall a prior statement regarding a subject at issue in the trial is so incredible that it may be deemed inconsistent and thus subject to impeachment by extrinsic evidence." *United States v. Ashburn*, 11-CR-303, 2015 WL 5098607, at *27 (E.D.N.Y. Aug. 31, 2015) (Garaufis, J.). Except where the evidentiary question poses "grave" constitutional overtones, the trial court has the sound discretion to determine whether a prior statement is sufficiently inconsistent to be sent to the jury on the issue of credibility. *United States v. Hale*, 422 U.S. 171, 180 n.7 (1975).

Upon a careful review of the record, the Court finds the ten statements at issue are not sufficiently inconsistent, and defense counsel may not introduce them as extrinsic evidence of prior inconsistent statements under Rule 613(b). The trial testimony of the witnesses reflects their inability to recall a prior statement rather than an outright denial. As such, there is no "variance between the statement and the testimony that has a reasonable bearing on credibility." *Ghailani*, 761 F. Supp. 2d at 117-18. In this case, the witnesses' failure to recall has not been "so incredible" to deem them inconsistent. *See Ashburn*, 2015 WL 5098607 (precluding defendant from impeaching witness based on five instances of failing to recall prior statements). The Court has permitted extensive cross-examination of the Government's witnesses, especially of Andrew Pearse and Surjan Singh. The Court allowed extensive questioning on their credibility, and defense counsel has impeached them on a number of matter and statements. Any probative value

of the prior statements to the FBI as reflected in the 302 reports is therefore substantially outweighed by the danger of wasted time and jury confusion.

Accordingly, the Court GRANTS the Government's motion (ECF No. 347) in its entirety.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2019
Brooklyn, New York