

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:MEB/HDM/MAM/KN  *271 Cadman Plaza East*
F. #2016R00695  *Brooklyn, New York 11201*

November 14, 2019

By ECF

The Honorable William F. Kuntz, II
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Jean Boustani et al.
             Criminal Docket No. 18-681 (WFK)

Dear Judge Kuntz:

      The government respectfully moves in limine to preclude certain expert testimony and demonstratives offered by the defendant. Specifically, the government requests that the Court: (1) preclude proffered expert Malene McMahon from offering opinion testimony, and (2) preclude proffered expert Dr. Chudozie Okongwu from offering the following two opinions (and showing related slides from the demonstrative marked as DX 11202): (a) that more than 75 percent of the public and publicly guaranteed debt of low and middle income countries is denominated in U.S dollars (Slide 27 of DX 11202), and (b) that there is no material relationship between a country's perceived levels of corruption and a country's ability to borrow in hard currency (Slides 29-40 of DX 11202). In addition, as detailed below, the government may seek to file an additional motion to preclude certain expert testimony from proffered defense expert Stanley Bryant, as well as certain portions of DX 11203.

I.    Background

      The defendant noticed proffered experts McMahon, Okongwu, Bryant and Hinman on September 6, 2019, and at that time provided some limited information about the testimony each would provide. However, despite repeated requests from the government prior to and during trial, the defendant did not provide any further information about the opinions those experts would offer, including the methodology used by those experts, before November 13, 2019. Starting on that date, the defendant provided to the government the following:

- On November 13, 2019 at approximately 12:23 a.m., the defendant provided to the government DX 11200, a two-page exhibit that the defendant stated he intends to use as a demonstrative with McMahon.

- On November 13, 2019, the defendant provided to the government DX 11201, a 71-page PowerPoint presentation containing the substance of Hinman's opinion testimony. Subsequently, this morning, on November 14, 2019 at approximately 12:11 a.m., the defendant provided a revised version of DX 11201, which is 59 pages.

- Early this morning, on November 14, 2019 at approximately 12:11 a.m., the defendant provided the government with DX 11202, a 49-slide PowerPoint presentation that contains the substance of Okongwu's opinion testimony.

- Also today, on November 14, 2019 at approximately 1:00 p.m., the defendant produced DX 11203, an 82-slide PowerPoint presentation that contains the substance of Bryant's opinion testimony.

It is inexplicable that the defendant did not produce what are essentially lengthy reports providing the specifics of the expert testimony to be offered by Hinman, Okongwu and Bryant mere hours before certain of those witnesses were scheduled to testify.

II.  David Hinman

The government has conferred with defense counsel with regard to DX 11201, the exhibit related to Hinman's testimony. Defense counsel has indicated that they will only seek to use the revised version of DX 11201 during trial, and that the revised version of DX 11201 will only be used as a demonstrative, and will not be entered into evidence or provided to the jury during deliberations. Consequently, the government is not seeking to preclude the defendant's use of the revised version of DX 11201.

III.  Stanley Bryant

The government has not had sufficient time to review the proffered opinion testimony for Bryant as detailed in DX 11203, an 82-slide PowerPoint presentation, which it received approximately twelve hours ago. From a preliminary review, however, it appears that the government may have a basis to preclude certain of Bryant's proffered testimony; for example, Bryant does not appear to have the necessary expert qualifications to opine on the valuation of certain marine vessels. Further he has not provided any methodology underlying his valuation, or the bases and reasons for his valuation opinion. Defense counsel has reached out to the government to discuss DX 11203 and Bryant's testimony, and the government plans to confer with defense counsel tomorrow morning, November 15, 2019, to determine if the parties can reach agreement on the appropriate scope of Bryant's testimony. If the parties cannot reach such agreement, the government will file any motion with respect to Bryant by Saturday, November 16, 2019.

IV.  Malene McMahon

While the Court has ruled that McMahon may testify regarding the mechanics of the SWIFT system and correspondent banking (see ECF 267 at 11), based upon review of DX 11200 and the defendant's only disclosure about McMahon's testimony (made on September 6,

2019), the government does not believe that the defendant has identified <u>any</u> opinions that McMahon would offer through her testimony. Indeed, during conversations following proceedings today, November 14, 2019, defense counsel agreed that McMahon would not offer any opinion testimony. Consequently, McMahon should be precluded from providing any opinion testimony.[1]

V.     Dr. Chudozie Okongwu

The government moves to preclude Okongwu from testifying to the following two opinions listed in DX 11202 – which, as detailed above, was not disclosed until November 14, 2019[2] – as such opinions are not relevant and would be unduly confusing to the jury: (1) that more than 75 percent of the public and publicly guaranteed debt of low and middle income countries is denominated in U.S dollars; and (2) no material relationship between a country's perceived levels of corruption and a country's ability to borrow in hard currency. The government similarly moves to strike Slides 27 and 29-40 from DX 11202 (which the defendant intends to show to the jury as a demonstrative during Okongwu's testimony).

First, Okongwu seeks to offer an opinion on dollar-denominated debt as detailed in Slide 27 of DX 11202, which highlights that certain countries' debt is denominated primarily in U.S. dollars. This opinion is irrelevant and should be precluded pursuant to Federal Rule of Evidence ("FRE") 401; in the alternative, it is unduly prejudicial and would cause jury confusion, and should be precluded pursuant to FRE 403. It has no bearing on any of the charges against the defendant. It does not serve as a defense to wire fraud conspiracy, securities fraud conspiracy or

---

[1] For example, McMahon should not be permitted to offer an opinion on legal issues as set forth in the jury instructions – e.g., that international money transfers identified in the trial are not monetary instruments or funds transported, transmitted, or transferred from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States – as she would be invading the province of the jury without basis. <u>See</u> Court Exhibit 1, Jury Charge, p. 96; <u>United States v. Hoskins</u>, 2019 WL 5556092 (D. Conn Oct. 28, 2019) ("'Any use of expert testimony 'must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'") (citing <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1295 (2d Cir. 1991)). Similarly, McMahon should not be permitted to offer any opinion that the defendant, or similarly situated senders or receivers of international payments, do not know or intend that transactions transmit to or from the United States, as such opinion would constitute impermissible testimony as to the defendant's mental state on an element of the crime charged. <u>See</u> FRE 703; Court Exhibit 1, Jury Instruction p. 102. Similarly, either of these opinions, if offered, could confuse and mislead the jury and should be excluded subject to Rule 403. <u>See</u> <u>Nimely v. City of New York</u>, 414 F.3d 381, 398 (2d Cir. 2005).

[2] It is well settled that Federal Rule of Criminal Procedure 16(d)(2)(C) gives a district court the discretion to preclude expert testimony about any topics or opinions not properly disclosed. <u>United States v. Ulbricht</u>, No. 14-CR-68 (KBF), 2015 WL 413318, *5 (S.D.N.Y. Feb. 1, 2015), <u>aff'd</u> 858 F.3d 71 (2d Cir. 2017).

money laundering conspiracy. Moreover, to the extent that the defendant wants to argue that he did not think he was violating U.S. law even though he committed a fraud involving U.S. dollar denominated loans, this argument is not permissible. As the Court recently adopted in its jury instructions, "The government is not required to prove that a defendant is aware of the law that actually forbids his conduct." Trial Tr. 3328. The lack of knowledge of the law is no defense. Cheek v. United States, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."). Given the Court's ruling, the only reason to include this testimony is an appeal to jury nullification: to argue impermissibly that the United States should not be the "world's policeman" (which the defendant made reference to in his opening statement) and should not prosecute fraud merely because it involves the use of United States currency and U.S. dollar-denominated loans, given their prevalence in the world. Thus, the Court should preclude this testimony and this one slide in the presentation.

Second, Okongwu seeks to testify to a regression analysis he conducted, which is reflected in Slides 29-40 of DX 11202, and which concludes that there is no material relationship between a country's perceived levels of corruption and a country's ability to borrow in hard currency. Such opinion is irrelevant and should be precluded pursuant to FRE 401; in the alternative, it is unduly prejudicial and would cause jury confusion, and should be precluded pursuant to FRE 403. Materiality under securities fraud concerns whether a fact is one "that a reasonable investor would have considered significant in making investment decisions." See United States v. Block, No. 16-CR-595 (JPO), 2017 WL 1608905, at *4 (S.D.N.Y. Apr. 28, 2017) (citing Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000)). Okongwu's regression analysis on the perceived risk of corruption and the ability of a country to borrow money is not being offered as something investors would have considered in making their investment decision. No such regression analysis was disclosed in the offering documents provided to investors and, if anything, the offering documents suggest the exact opposite: the fact that the risk factors list the risk of corruption strongly suggests that investors do consider corruption in determining investments, just as several investors testified at trial. Thus, Okongwu's opinion has no probative value on the issues before this Court and before the jury. Instead, his numerous charts explaining regression analysis and variability among certain factors will only confuse the jury as to the issues central to this case: did the defendant conspire to commit wire fraud, securities fraud and money laundering. Thus, the Court should preclude Dr. Okongwu's testimony on this issue and preclude slides 29 to 40 from his presentation.

VI.  Conclusion

For the reasons stated herein, the government respectfully requests that the Court grant the government's motion.[3]

Respectfully submitted,

| | |
|---|---|
| DEBORAH L. CONNOR<br>Chief, Money Laundering &<br>Asset Recovery Section<br>Criminal Division<br>U.S. Department of Justice | RICHARD P. DONOGHUE<br>United States Attorney<br>Eastern District of New York |
| By: _____/s/_____<br>Margaret A. Moeser<br>Trial Attorney<br>(202) 598-2345 | By: _____/s/_____<br>Mark E. Bini<br>Hiral Mehta<br>Assistant U.S. Attorneys<br>(718) 254-8761/6418 |
| ROBERT A. ZINK<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice | |

By: _____/s/_____
Katherine Nielsen
Trial Attorney
(202) 616-5672

cc:  (by ECF)
All Counsel of Record

---

[3] During proceedings on Thursday, defense counsel indicated that the Court had precluded their noticed expert Rob J. Phillipa from testifying. The government notes that the Court did not preclude Rob J. Phillipa from testifying as an expert for the defendant. Rather, the Court granted the government's motion seeking to preclude Mr. Philippa from testifying that "purchase or sale of a security that is held at Euroclear or Clearstream is revocable and capable of cancellation at any time prior to settlement of those transactions," and on the issue of title passage through Euroclear and Clearstream. (ECF 280; October 15, 2019 Order granting ECF 280).